Ruth L. MOORE, Plaintiff-Respondent,

v.

Norman and Christine MILLS,
Defendants-Appellants.

Nos. 12031, 12046.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 15, 1981.

Loren R. Honecker, Sherwood, Honecker, & Bender, Springfield, for plaintiff-respondent.

David F. Sullivan, Mark L. McQueary, Jones, Keeter, Karchmer, Nelms & Sullivan, Springfield, for defendants-appellants.

GREENE, Presiding Judge.

This is a civil action for damages brought by plaintiff, Ruth L. Moore, against defendants, Norman and Christine Mills. The petition alleged that, while leaving defendants' combination residence and place of business, Mrs. Moore fell on the steps; that her fall was the result of defendants' negligence in failing to provide an adequate handrail; and, that as a result of the fall, Mrs. Moore sustained personal injuries. A jury trial resulted in a verdict for defendants.

Mrs. Moore filed a motion for new trial and, on October 24, 1980, the trial court entered an order granting a new trial. Defendants appealed the order. Thereafter, on November 6, 1980, the court amended its order nunc pro tunc to show the true factual basis for the granting of a new trial. Defendants also appealed from the amended order, and the two appeals were consolidated by this court. We affirm.

■ Defendants' first two points allege procedural deficiencies claiming that 1) the grounds stated in plaintiff's motion for new trial differed from those argued in support of the motion, and that the 15 days allowed for amending a motion for new trial had expired; and 2) that the trial court's amended order of November 6, 1980 was not a proper nunc pro tunc order as it corrected judicial error and not a mistake of fact. These arguments are much ado about nothing and have no merit. The judgment for defendants, based on the jury verdict, was entered on August 13, 1980. Plaintiff's motion for new trial was timely filed on August 26, 1980. The motion alleged, among other things, that the trial court committed prejudicial error in admitting into evidence an alleged statement of plaintiff's husband, to the effect that Mrs. Moore would not have fallen if she had not worn her new shoes, since such statement was hearsay and did not qualify as an exception to the hearsay rule as a declaration against interest. The motion incorrectly stated that the testimony in question went before the jury via portions of the deposition of Rex Moore. The true fact is that the testimony as to what Moore said came from testimony of defendant, Mrs. Mills.

On October 9, 1980, when the motion was argued, plaintiff's counsel informed the trial court that in his new trial motion, he had erroneously stated that Rex Moore's statement as to the cause of his wife's fall came from Moore's deposition, rather than from the lips of Mrs. Mills. For some unknown reason, the trial court's original order of October 24, 1980, which granted a new trial, perpetuated the erroneous source of the statement, but did say that the testimony of Rex Moore, which was admitted over objection, to the effect that plaintiff would not have fallen if she had not worn her new shoes, was prejudicially erroneous.

When plaintiff's counsel received a copy of the trial court's order granting a new trial, he promptly wrote the trial court, pointed out the error as to the *source* of the testimony, and asked the court to amend its order to reflect the true source of the testimony, which request was granted by the trial court, and an amended nunc pro tunc order was entered on November 6, 1980. In this order, the trial court specifically stated that it was the intention of the trial court to grant the motion for new trial because it had erroneously admitted the evidence in question, "regardless of the exact manner in which it came before the jury in this cause." The court went on to say that those portions of its order of October 24, 1980, attributing the contested testimony to an improper source "resulted from a purely ministerial or executive, and nonjudicial, misprision oversight," and that, for such reason, the court had jurisdiction to amend and correct its original order nunc pro tunc.

Plaintiff, in her after-trial motion, clearly set out what she considered prejudicial error, which was the trial court's admission

into evidence of the statement of Rex Moore as to the cause of his wife's fall. The trial court, in its original order, clearly specified that it was granting a new trial for erroneously admitting such testimony. Having set forth the clearly discernible ground on which the new trial was granted, the trial court was not required to further set forth reasons for the ground, the process used to arrive at the ground, or the underlying facts supporting the ground. See *Sawyer v. Winterholder*, 195 S.W.2d 659, 661 (Mo.1946). The fact that the trial court erroneously stated, in its order of October 24, 1980, that the source of the offending testimony was the deposition of Rex Moore, rather than the testimony of Mrs. Mills, has no real bearing on the issue. The source of the testimony was surplusage and did not vary the specific reason for the trial court's order, which was the erroneous admission of the evidence in question.

■ The factual slip in plaintiff's motion for new trial, tracked subsequently in the court's first order, was careless, but the motion did bring to the trial court's attention the actual and substantial complaint of plaintiff. The motion was specific and complied with Rule 78.07, V.A.M.R. As to the court's correcting order of November 24, 1980, we rule that such order was properly within the court's power. Nunc pro tunc procedure is an instrument of truth. *First Nat. Bk. of Collinsville v. Goldfarb*, 527 S.W.2d 427, 432 (Mo.App.1975).

The error here was of a factual nature, first made by plaintiff's attorney and then compounded by the trial court. However, the actual state of the facts was irrefutably demonstrated by the record (transcript of the testimony of Mrs. Mills where, over objection, she told the jury that Rex Moore had said that his wife had fallen because she was wearing new shoes). Defendants were not prejudiced by the trial court's corrective order. Defendants' two procedural points are denied.

■ We turn to defendants' three substantive complaints, bearing in mind that appellate review in cases of this kind is limited to a determination of whether the trial court abused its discretion in granting a new trial, *Jenkins v. Keller*, 579 S.W.2d 166, 168 (Mo.App.1979), and, in such review, appellate courts are more liberal in upholding the trial court's action than they are in cases where the trial court has denied relief. *Cook v. Cox*, 478 S.W.2d 678, 682 (Mo.1972).

Defendants' first substantive complaint is that plaintiff did not make a timely and proper objection to the testimony of Mrs. Mills regarding statements made to her by Rex Moore, thus waiving any objection thereto and, therefore, preserved nothing for review in the motion for new trial. This assertion borders on the specious, and is completely refuted by the record. Plaintiff twice objected to the proffered testimony on the grounds that it was hearsay before the testimony was admitted. The trial court sustained the first hearsay objection, and then reversed its field and allowed the testimony to be admitted under an exception to the hearsay rule as a declaration against interest. Plaintiff's counsel renewed his objection to such testimony and asked the trial court to show his objection as a continuing one. Defendants' point of claimed error is devoid of factual support and is denied.

■ Defendants' next argument is that the testimony was admissible as a declaration against interest and, therefore, the trial court erred in granting a new trial on the basis that such testimony was erroneously admitted. Testimony constituting hearsay may be admissible under the declaration against interest exception to the hearsay rule if four requirements are met. These requirements are: (1) the declarant must be unavailable as a witness; (2) the declarant must have related a fact against the apparent proprietary, pecuniary or penal interest of the declarant when the statement was made; (3) the declaration must have concerned a fact personally cognizable by the declarant; and, (4) the circumstances must render it improbable that a motive to falsify existed. *State v. Grant*, 560 S.W.2d 39, 43 (Mo.App.1977).

■ Rex Moore was not present at the scene of the accident when his wife fell. Therefore, any theorizing on his part as to why his wife fell was not fact, but opinion. An opinion as to fault is not admissible as a declaration against interest. *Carpenter v. Davis*, 435 S.W.2d 382, 394–5 (Mo. banc 1968). Mrs. Mills' testimony as to what Rex Moore had said concerning his wife's fall was not admissible as a declaration against interest and was hearsay. The point is denied.

■ Defendants' final argument is that the testimony in question was cumulative so, even though it might be held to be incompetent evidence, its introduction into evidence is harmless error. In support of this position, they point to testimony of Mrs. Mills who said that plaintiff, after her fall, told Mrs. Mills, "I guess I should not have worn these new shoes." We do not view this remark as stating the same thing as supposedly expressed by plaintiff's husband. Further, even if the contested evidence was cumulative, it was still error. Cumulative, but erroneously admitted evidence may sometimes be deemed harmless, but the trial court is much better prepared to make that determination than we are, and can be overruled only if the error could not possibly have been prejudicial to the party who applied for a new trial. *Mueller v. Schien*, 352 Mo. 180, 176 S.W.2d 449, 453 (1943). The trial court's refusal to regard the error in question as harmless was not an abuse of discretion. The point is denied.

The trial court's order granting plaintiff a new trial is affirmed and the cause is remanded for further proceedings.

All concur.