In re the MARRIAGE OF James C. HILL and Patricia M. Hill.

James C. Hill, Petitioner-Appellant,

and

Patricia M. Hill, Respondent.

No. 12705.

Missouri Court of Appeals,
Southern District,
Division Three.

April 21, 1983.

James E. Reeves, Ward & Reeves, Caruthersville, for petitioner-appellant.

No appearance for respondent.

PREWITT, Judge.

After trial the trial court entered an order dissolving the marriage of the parties and took under advisement the remaining issues. Thereafter, while in the custody of the trial judge, the tapes which recorded the trial were stolen. After the theft the trial court entered a decree deciding the remaining issues. Respondent then filed a motion for new trial which the trial court sustained "solely for the reason of the loss of the tape recordings".

Appellant contends in two points relied on that granting a new trial was erroneous, (1) because the trial court "did not find that the decree was erroneous in any respect" and that loss of the tapes was not a proper ground, "especially where respondent refused appellant's offer to file an abbreviated transcript under Rule 81.13(a)", and (2) because "respondent affirmatively invited the trial court to make a decision with full knowledge of the loss of the tape recordings and therefore waived any complaint about the loss of the tapes".

The trial court may grant a new trial "upon good cause shown." Rule 78.01.

Where in the exercise of its discretion the trial court grants a new trial, appellate review is limited to whether the discretion was abused and in the review appellate courts are more liberal in upholding the trial court's action than where the trial court has denied relief. *Moore v. Mills,* 623 S.W.2d 586, 588 (Mo.App.1981).

The only Missouri case we find where the trial court granted a new trial because a verbatim transcript could not be prepared is *Lawton-Byrne-Bruner Insurance Agency Company v. Air-Flight Cab Company,* 479 S.W.2d 218 (Mo.App.1972). On appeal that decision was affirmed. That case discusses and appears to agree with the rationale of Missouri appellate court decisions where a request for new trial, because a complete transcript could not be prepared, was raised for the first time on appeal.

Those decisions indicate that granting a new trial because a transcript cannot be prepared is largely discretionary, depending upon the circumstances, but that where a party is free from fault or negligence, has exercised due diligence, and his right of appeal is prejudiced, a new trial should usually be granted. See *Richeson v. Hunziker,* 349 S.W.2d 50, 55–56 (Mo.1961); *Scharff v. Holschbach,* 220 Mo.App. 1139, 296 S.W. 469, 469–470 (1927); *Larson v. Shockley,* 231 S.W. 1030 (Mo.App.1921); *Stevens v. Chapin,* 206 Mo.App. 594, 227 S.W. 874 (1921); *Todd v. Security Ins. Co.,* 206 S.W. 412 (Mo.App.1918); *Woods v. Bottmos,* 206 S.W. 410 (Mo.App.1918). But see *Longmire v. Diagraph-Bradley Stencil Machine Corporation,* 237 Mo.App. 553, 173 S.W.2d 641 (1943). See also *Turman v. Pruitt,* 397 P.2d 652 (Okl.1964); Annot., Inability to perfect record for appeal as ground for new trial, 13 A.L.R. 102 (1921), supplemented in 16 A.L.R. 1158 (1922), and 107 A.L.R. 603 (1937); Annot., Death or disability of court reporter before transcription or completion of notes or record as ground for new trial or reversal, 19 A.L. R.2d 1098 (1951); 58 Am.Jur.2d, New Trial, § 162, p. 372; 66 C.J.S. New Trial, § 98(b), (c), p. 280.

Under the rule stated by the Missouri appellate courts, it is not necessary that a finding be made that the judgment is erroneous before granting a new trial. Appellant contends that not requiring such a determination conflicts with the rule that a judgment is presumed valid and that the party contesting it has the burden to overcome that presumption. To require a finding that the judgment is erroneous in this situation would be unrealistic and could deny to the losing party any appellate review. The trial court is not likely to find its judgment improper and an appellate court would not ordinarily be able to make that determination without a transcript, particularly where, as here, there are numerous issues. Of course, if the propriety of the judgment could be determined without a transcript, then granting a new trial would appear to be an abuse of discretion. However, here such a determination cannot be made without a transcript or some type of record of the trial and as there is no indication or contention that respondent or her attorneys were at fault or negligent in the loss of the tapes, we find no abuse of discretion in granting a new trial.

A dissolution trial often contains very detailed evidence and the trial judge who heard the evidence would be in a better position than we are to know whether a full transcript would be necessary for our consideration on appeal. He could better determine whether an abbreviated transcript under Rule 81.13(a) could or would have been practical or adequate. Appellant contends that "the action of the Trial Court places the whole risk and burden of the loss on the tapes on the Appellant." We do not agree. He is no worse off than if no decision had been reached and a new trial commenced. If the prior decree was proper it may still be the final result and if it was not proper then appellant was not entitled to it.

Appellant also contends that respondent cannot complain of the loss of the tapes because if she wanted relief based on their loss she should have requested that the court set aside the submission after the tapes were lost and declare a mistrial. Appellant states that respondent "cannot complain of self-invited error and ... should not be allowed to obtain a new trial because the Trial Court did exactly as the Respondent requested." Wanting a decision does not keep her from complaining of it. Many, if not most, of the parties to the trial of a lawsuit want a decision but they usually can contest it when they do not agree with it. It was obvious that respondent not only wanted a decision, but wanted a decision satisfactory to her, which apparently she does not feel she received. Appellant apparently did not protest the trial court's entering of a judgment, although knowing that it was going to be done. Until the decree was entered, neither party would be in a position to know if they wanted to appeal or if a complete transcript would be necessary for such an appeal.

It was in the interest of efficiency for the trial court to enter the decree. It may have been sufficiently satisfactory to both parties that the matter would have been concluded. Neither party should be penalized because they may have wanted a final determination as it would have been advantageous to all, including the courts, if it had resulted.

As the trial court was in a far better position than this court to determine if fairness to respondent requires a new trial, we defer to its ruling.

The order granting a new trial is affirmed.

GREENE, C.J., CROW, P.J., and FLANIGAN and MAUS, JJ., concur.