**Dennis Lee DYKES, Plaintiff-Appellant,**

**v.**

**Paul S. McNEILL, Jr., Director of Revenue, Defendant-Respondent.**

**STATE of Missouri, Plaintiff-Respondent,**

**v.**

**Dennis Lee DYKES, Defendant-Appellant.**

**Nos. 15066, 15102.**

Missouri Court of Appeals, Southern District, Division Two.

Aug. 27, 1987.

Bruce K. Kirby, Springfield, for plaintiff-appellant.

Sam S. Phillips, Asst. Pros. Atty., Springfield, for defendant-respondent.

PREWITT, Presiding Judge.

Dennis Lee Dykes was convicted of driving while intoxicated and denied relief on his petition for judicial review of the revocation of his motor vehicle operating privileges. He appealed from both decisions. The actions were tried together, without a jury, and have been consolidated here.

Appellant filed motions here stating that he was unable to have a transcript prepared for these appeals because the electronic tapes which recorded the trial court's proceedings cannot be located by the Circuit Clerk of Greene County. This court asked respondents to respond to those motions and they have done so. Respondents do not dispute appellant's claim that the tapes are lost. They also do not contend, and there is no indication contrary here, that there was any fault or neglect on the part of appellant in the loss of the tapes. From what is before us it appears that appellant has exercised due diligence in attempting to locate those tapes and have a record prepared.

■ Where a party is free from fault or negligence, has exercised due diligence in seeking to prepare the record on appeal, and his right of appeal is prejudiced because a transcript of the proceedings in the

trial court cannot be prepared, a new trial should be granted. *State v. McCarver*, 113 Mo. 602, 20 S.W. 1058, 1059 (1893); *Richeson v. Hunziker*, 349 S.W.2d 50, 56 (Mo. 1961); *In re Marriage of Hill*, 650 S.W.2d 726, 727 (Mo.App.1983); *Stevens v. Chapin*, 206 Mo.App. 594, 227 S.W. 874, 876 (1921). See also *State v. Borden*, 605 S.W.2d 88, 91–92 (Mo. banc 1980) (reversal and retrial not required unless appellant exercises due diligence).

The judgments in the aforesaid matters are reversed, and each remanded for a new trial.

HOGAN, FLANIGAN and MAUS, JJ., concur.