**Donna L. JACKSON, Petitioner–Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Defendant–Appellant.**

**No. 24009.**

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 30, 2001.

Jeremiah W. (Jay) Nixon, Atty. Gen., Virginia Wasiuk Lay, Asst. Atty. Gen., Jefferson City, for appellant.

H. Marvin Gilmore, for respondent.

NANCY STEFFEN RAHMEYER, Judge.

The Director of Revenue ("Appellant") revoked Donna L. Jackson's ("Jackson") driving privileges for one year after

determining that Jackson refused to submit to a chemical test of her blood alcohol concentration ("BAC") when she was arrested for driving while intoxicated. Jackson petitioned for judicial review of that revocation. The cause was heard before a trial judge on November 7, 2000. After that hearing the trial court entered final judgment setting aside the revocation of Jackson's drivers license on the basis that Jackson did not refuse the BAC. This appeal followed.

Appellant's contention on this appeal is that the judgment of the trial court was against the weight of the evidence that showed Jackson refused the BAC. Appellant argues that the arresting officer recorded Jackson's refusal and that Jackson admitted she refused to submit to the BAC. Jackson counters that, in fact, no evidence was offered to support the revocation and claims the exhibits relied upon by Appellant were not admitted into evidence. Thus, the appeal turns on the evidence at trial.

 Impeding our review of the case is the fact that no transcript of the trial court's proceedings has been filed with this court. Appellant contends that the trial court lost the tape of the trial proceedings, a claim that is undisputed by Jackson. There is no contention that the lack of a transcript is the fault of Appellant, nor that it is the result of Appellant's neglect. There is no reason to believe Appellant has not exercised due diligence in attempting to get a transcript of the proceedings to complete the record on appeal. Appellant filed a Legal File containing the relevant pleadings. Jackson contends exhibits contained in the Legal File were not admitted into evidence and, therefore, should be ignored by this court during appellate review. Without a transcript we cannot review Appellant's claim. Review of the question raised on this appeal is impossible without having the ability to review the transcript to examine what evidence was before the trial court in making its decision. "Where a party is free from fault or negligence, has exercised due diligence in seeking to prepare the record on appeal, and his right of appeal is prejudiced because a transcript of the proceedings in the trial court cannot be prepared, a new trial should be granted." *Dykes v. McNeill*, 735 S.W.2d 213, 213–14 (Mo.App. S.D.1987).

The judgment of the trial court is reversed and the cause is remanded for a new trial.

GARRISON, P.J., and PREWITT, J., concur.