**In the Interest of A.J.M., R.J.M. and L.M.H.**

**C.H.M., Appellant,**

v.

**The GREENE COUNTY JUVENILE OFFICE, Respondent.**

**Nos. 26488 to 26490.**

Missouri Court of Appeals, Southern District, Division One.

March 30, 2005.

Larry B. Moore, Springfield, for Appellant.

William C. Prince, Springfield, for Respondent.

Before GARRISON, P.J., PREWITT, J., and RAHMEYER, J.

## ON MOTION FOR REMAND

PER CURIAM.

C.H.M., natural mother of minor children A.J.M., R.J.M., and L.M.H, appeals from the judgments of the Circuit Court of Greene County terminating her parental rights as to each child. We remand for a new trial.

Petitions to terminate the parental rights of C.H.M. as to A.J.M., R.J.M., and L.M.H. were filed by the Greene County Juvenile Office and were later consolidated for hearing. The trial court terminated C.H.M.'s parental rights as to all three children, and C.H.M.'s appeals in this court, case numbers 26488, 26489, and 26490, have been consolidated.

The transcript ordered by C.H M. and filed with this court is not complete as it does not include approximately one hour and fourteen minutes of testimony. C.H.M. filed a motion to remand the appeals, claiming that the missing testimony is due to a malfunction with the sound recording equipment. She also filed an affidavit from the Central Transcribing Service stating that the transcript could not be completed due to the malfunctioning equipment.

The unrecorded testimony was part of that given by DFS worker Cassie Geithman and all of that given by DFS worker Jason Kearbey. C.H.M. claims that she is prejudiced by the missing record because the two witnesses gave testimony regarding her compliance with a treatment plan required before reunification with the three children. She also claims that the missing testimony could provide additional grounds for appeal. C.H.M. contends that she exercised due diligence in preparing a complete transcript and her inability to do so is not a result of her fault or negligence.

 Rule 81.12(a) requires a record of all proceedings and where the transcript is incomplete, this court cannot determine what evidence was considered and received by the trial court. *Loitman v. Wheelock,* 980 S.W.2d 140, 141 (Mo.App. E.D.1998). "Where a party is free from fault or negligence, has exercised due diligence in seeking to prepare the record on appeal, and his right of appeal is prejudiced because a transcript of the proceedings in the trial court cannot be prepared, a new trial should be granted." *Jackson v. Director of Revenue,* 60 S.W.3d 707, 708 (Mo.App. S.D.2001) (quoting *Dykes v. McNeill,* 735 S.W.2d 213, 213–14 (Mo.App. S.D.1987)); see also *Lynn v. Plumb,* 808 S.W.2d 439, 440 (Mo.App. S.D.1991). Here, it was through no fault or negligence of C.H.M. that the transcript was unable to be completely prepared, and her right of appeal could be prejudiced by the missing testimony. Therefore, we must reverse the judgments of the trial court and remand for a new trial.