Opinion to: SJR TGT SN TJ EVK ERA GCH LCH
 JB









Opinion Issued
April 27, 2006

 

                                                                                                                                                            

 

 

 

 

 

 

 

 

 

 

 

 













In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-04-00619-CV

____________

 

KENNETH C. BEYERS, Appellant

 

V.

 

JEANETTE F. ROBERTS, Appellee

 

 



On Appeal from the 311th District
Court

Harris County, Texas 

Trial Court Cause No. 1996-58281

 








 

 



 O P I N I O N

 

In a suit to modify the parent-child
relationship, Kenneth Beyers appeals from an order establishing a joint
managing conservatorship with appellee Jeanette Roberts of minor children
L.R.B. and C.A.B.  On appeal, Beyers
contends the trial court erred in entering the order because (1) the mediated settlement
agreement on which the order is based is void for its failure to designate a
conservator with the exclusive right to designate the primary residence for the
children, (2) the court’s refusal to determine whether the mediated settlement agreement
was in the children’s best interest violates the Family Code and public policy,
and (3) the court’s order did not strictly comply with the agreement of the
parties and ought to have been rescinded for mutual mistake.  Beyers also complains that the trial court
erred in signing a conclusion of law stating that it had granted the relief
Roberts requested when, in fact, it did not. 
We affirm.

Facts

          Beyers
and Roberts divorced in 1998.  Following
the divorce, Beyers received custody of the children under a settlement
agreement. Shortly after the divorce, Beyers alleges that Roberts began
engaging in a pattern of parental alienation behaviors by repeatedly calling
him disparaging names to the children, by mocking and ridiculing him to the
children, by undermining his reasonable discipline of the children, and by
otherwise disparaging and verbally attacking him to the children.  

          In
2002, Beyers petitioned the court for child support and for injunctive relief
against further parental alienation behaviors by Roberts.  Beyers also asserted a tort claim for
intentional interference with a family relationship.  Roberts counter-petitioned, requesting that the
court appoint her to be the primary custodial parent, and award her the
exclusive right to determine the primary residence of the children.  Roberts also unsuccessfully sought temporary
custody of the parties’ daughter during the pendency of the case.  

          In
December 2003, the parties attended a mediation session, which resulted in a
settlement agreement providing for joint managing conservatorship and for increased
periods of possession of the children by Roberts.  Roberts and Beyers each signed the agreement,
along with their attorneys.  The
agreement provided that neither party was to have primary designation,
expressly stating, “Parties are appointed Joint Managing Conservators with no
primary designation.” 








The agreement provided, however, that
the children’s domicile be restricted to Harris County, Texas.  The agreement further provided that,
effective January 2004, C.A.B. would attend Emmanuel Lutheran School and L.R.B.
would attend Lutheran High North School. 
The agreement was made “subject to the Court’s approval.” 

          Shortly
after the mediation, Beyers objected to entry of a court order based on the
agreement because it failed to designate a parent with the right to determine
the children’s primary residence.  The
court sent the parties back to mediation to resolve the issue.  After the second mediation session resulted
in impasse, Beyers asked the court to declare the settlement agreement void for
failing to assign one parent the right to designate the children’s primary
residence.  Beyers also moved to rescind
the agreement because Emmanuel Lutheran School could not accept C.A.B. by
mid-semester transfer, and alternatively, for the court to determine whether
the agreement was in the children’s best interest.  The trial court denied all of Beyers’s
motions, and entered a modification order incorporating the terms of the
settlement agreement. 

Failure to Include Primary Residence
Designation

In his first issue, Beyers contends
the mediated settlement agreement is void and thus unenforceable because it
fails to designate a conservator with the exclusive right to determine the
children’s primary residence as required by Family Code section 153.133(a)(1).  See Act of Apr. 6, 1995, 74th Leg.,
R.S., ch. 20, § 1, 1995 Tex. Gen. Laws 113, 149–50, amended by Act of
May 17, 1999, 76th Leg., R.S., ch. 936, § 1, 1999 Tex. Gen. Laws 3674, 3674, further
amended by Act of May 27, 2003, 78th Leg., R.S., ch. 1036, § 10, 2003 Tex.
Gen. Laws 2990, 2990 (amended non-substantively 2005) (current version at Tex. Fam. Code Ann. § 153.133 (Vernon
Supp. 2005)).[1]
 The mediated settlement agreement
and the order signed by the trial court both state that Roberts and Beyers are
appointed joint managing conservators with no primary designation, and the
children are to be domiciled in Harris County, Texas.  Roberts responds that the mediated settlement
agreement complies with the requirements set forth in Family Code section
153.0071, pertaining to child custody lawsuits, and thus it is binding on the
parties.  See Tex. Fam. Code Ann. § 6.602 (Vernon
Supp. 2005); see also Act of May 25, 1995, 74th Leg., R.S., ch. 751, §
27, 1995 Tex. Gen. Laws 3888, 3899, amended by Act of May 13, 1997, 75th
Leg., R.S., ch. 937, § 3, 1997 Tex. Gen. Laws 2941, 2941, further amended by
Act of May 6, 1999, 76th Leg., R.S., ch. 178, § 7, 1999 Tex. Gen. Laws 645, 647,
further amended by Act of May 30, 1999, 76th Leg., R.S., ch. 1351, § 2,
1999 Tex. Gen. Laws 4577, 4578 (amended 2005) (current version at Tex. Fam. Code Ann. § 153.0071 (Vernon
Supp. 2005)).[2]
We agree.  

Family Code section 153.133 states
that a “court shall render an order appointing the parents as joint managing
conservators only if,” among other requirements, an agreed parenting plan “designates
the conservator who has the exclusive right to designate the primary residence
of the child.”  Tex. Fam. Code Ann. § 153.133(a)(1).  Another Family Code provision, however,
applies to mediated settlement agreements. 
Section 153.0071 states that a mediated settlement agreement is binding on
the parties if (1) it provides, in a prominently displayed statement that is in
boldfaced type or capital letters or underlined, that the agreement
is not subject to revocation, (2) is signed by each party to the agreement, and
(3) is signed by the party’s attorney, if any, who is present at the time the
agreement is signed.  Id. §
153.0071(d).  The statute further
provides that, if a mediated settlement agreement meets the requirements of
section 153.0071(d), “a party is entitled to judgment on the mediated
settlement agreement notwithstanding Rule 11, Texas Rules of Civil Procedure,
or another rule of law.”  Id. § 153.0071(e).

          The
Fort Worth Court of Appeals has held that the “notwithstanding” clause contained
in Family Code section 6.602(c), which is identical to section 153.0071(e), but
applies to divorce actions rather than child custody lawsuits, means the requirements of Rule 11
and the common law that ordinarily apply to the enforcement of settlement
agreements do not apply to mediated settlement agreements in divorce
proceedings, if the agreements meet the three requirements listed in Section 6.602(b).  Boyd v. Boyd, 67 S.W.3d 398, 403 (Tex.
App.—Fort Worth 2002, no pet.).  A
settlement agreement could nonetheless be unenforceable, even though it meets
the requirements of section 6.602(b), if it results from fraud, or if its
provisions are illegal.  See id.  Contracts, including mediated settlement
agreements, generally are voided for illegality only when performance requires
fraud or a violation of criminal law.  See
In re Kasschau, 11 S.W.3d 305, 314 (Tex. App.—Houston [14th Dist.] 1999,
pet. denied) (mediated settlement agreement voided for requiring criminal act
of destruction of evidence). 

Beyers relies upon In re Calderon
to assert that any violation of the Family Code constitutes illegality and thus
is grounds for voiding a mediated settlement agreement.  See In re Calderon, 96 S.W.3d 711
(Tex. App.—Tyler 2003, no pet.).  In Calderon,
the court held that Family Code section 153.0071 did not permit the parties to
contract around the mandatory venue requirements in Family Code section 155.201.  Id. at 718; see Tex. Fam. Code Ann. § 155.201(b) (“If a
suit to modify or a motion to enforce an order is filed in the court having
continuing, exclusive jurisdiction of a suit, on the timely motion of a party
the court shall, within the time required by Section 155.204, transfer the
proceeding to another county in this state if the child has resided in the
other county for six months or longer.”). 
The statute that Beyers contends the agreement violates, however, is not
mandatory under these facts.  Although section
153.133 states that a court “shall render an order” granting a joint
conservatorship if the requirements of that statute are met, it does not
otherwise preclude a court from entering such an order pursuant to a mediated
settlement agreement that complies with section 153.0071 where section
153.133’s requirements are not met.  

While section 153.133 deals generally
with agreed parental plans creating joint managing conservatorships, section
153.0071(d) deals specifically with mediated settlement agreements.  A fundamental principle of statutory
construction is that a more specific statute controls over a more general one. Horizon/CMS
Healthcare Corp. v. Auld, 34 S.W.3d 887, 901 (Tex. 2000).  The Government Code provides that general and
specific provisions should be construed, if possible, to give effect to both,
but when they cannot be reconciled, the specific provision should prevail.  See Tex.
Gov. Code Ann. § 311.026 (Vernon 2005); State v. Alley, 137
S.W.3d 866, 868 (Tex. App.—Houston [1st Dist.] 2004), aff’d, 158 S.W.3d
866 (Tex. 2005).  In Garcia-Udall v.
Udall, the Dallas Court of Appeals determined that section 153.0071
controlled over section 153.007, because section 153.0071 deals specifically
with mediated settlement agreements, while section 153.007 deals generally with
agreements “containing provisions for conservatorship and possession of the
child.”  141 S.W.3d 323, 331 (Tex. App.—Dallas
2004, no pet.).  Like section 153.007, section
153.133 deals generally with agreements containing provisions for “joint
managing conservatorship.”  Thus, as long as the settlement agreement
complies with section 153.0071, its failure to include all the elements
required under section 153.133 does not render it void.

Here, it is undisputed that the
parties’ agreement meets the requirements set forth in section 153.0071(d).  Paragraph 10 of the agreement states
“THIS AGREEMENT IS NOT SUBJECT TO REVOCATION,” and the agreement
is signed by each party and by each party’s attorney.  We hold that the mediated settlement agreement
meets the requirements of section 153.0071, and thus the trial court did not
err in entering the order enforcing the parties’ agreement.  

Trial Court’s Failure to Determine
Best Interest

          Beyers
next contends the trial court erred by failing to conduct a hearing to
determine whether the mediated settlement agreement is in the children’s best
interest.  Specifically, Beyers contends
the Family Code and the common law create a duty on the trial court to conduct
an evidentiary hearing to determine whether the parents’ custody agreements are
in the children’s best interest in every case. 
Roberts responds that neither requires that a trial court conduct a best
interest hearing, and it need not in cases in which the parents have agreed as
to child custody arrangements, although it may choose to do so in its
discretion.  We agree. 

          Nothing
in the statute requires that a trial court conduct a best interest hearing
before entering an order pursuant to a mediated settlement agreement.  Subsection (e) of section 153.0071 states
that a party is entitled to judgment on a mediated settlement agreement so long
as it satisfies the requirements of subsection (d).  Tex.
Fam. Code Ann. § 153.0071(e).[3]  Beyers relies on section 153.007, which
refers generally to agreed parenting plans, and states in pertinent part that:

(b) If the court finds that the agreed parenting plan
is in the child’s best interest, the court shall render an order in accordance
with the parenting plan.

 

. . . .

 

(d) If the court finds the agreed parenting plan is
not in the child’s best interest, the court may request the parties to submit a
revised parenting plan or the court may render an order for the conservatorship
and possession of the child.

 

See Act of Apr. 6, 1995, 74th Leg., R.S., ch. 20, § 1,
1995 Tex. Gen. Laws 113, 147–48, amended by Act of May 25, 1995, 74th
Leg., R.S., ch. 751, § 26, 1995 Tex. Gen. Laws 3889, 3899 (amended
non-substantively 2005) (current version at Tex.
Fam. Code Ann. § 153.007 (Vernon Supp.
2005)).[4]
 This section does not require
that the court conduct a best interest hearing for mediated settlements; rather,
it outlines what the trial court must or may do upon making such a determination
with respect to agreed parenting plans generally.  Subsection (d) provides the court with discretion
to modify a proposed order in the event the court determines it is not in the
child’s best interest, but it does not require the court to do so.  We agree with the Dallas Court of Appeals
that section 153.007 is inapplicable to mediated settlement agreements, because
section 153.0071 deals specifically with such agreements.  Udall, 141 S.W.3d at 331.  Although a trial court may do so if presented
with proper facts, we conclude that nothing in section 153.0071 requires best
interest hearings in every case of a mediated settlement agreement.  See Former Tex. Fam. Code Ann. § 153.0071.

Furthermore, nothing in the common
law creates a duty to determine best interest in every case in which the
parents have reached a settlement of their child custody disputes.  Trial courts have discretion to void all or
part of a mediated settlement agreement if the court determines it is not in
the child’s best interest.  See Udall,
141 S.W.3d at 331 (rejecting argument that trial court had discretion to modify
order under Family Code section 153.007, but stating trial court has authority
not to enforce agreements for best interest considerations); Leonard v. Lane,
821 S.W.2d 275, 277 (Tex. App.—Houston [1st Dist.] 1991, writ denied) (“The
court has the right to act in the best interest of the child, notwithstanding
any agreements of the parties.”). 
However, courts have not held that the policy favoring children’s best
interest requires that trial courts determine best interest when the parties
have settled their disputes, in every case.

The San Antonio Court of Appeals
recently held that a trial court did not err in failing to conduct a best
interest hearing where the parties waived their right to challenge best
interest in a binding arbitration agreement. 
In the Interest of C.A.K., 155 S.W.3d 554, 560 (Tex. App.—San
Antonio 2004, pet. denied).  The court also
held that allowing parties to contract away their right to challenge best
interest did not violate public policy given the alternate policy encouraging “peaceful
resolution of disputes, particularly those involving the parent-child
relationship, including mediation of issues involving conservatorship,
possession and child support.”  Id.
 In so doing, the court rejected the
argument that trial courts have an independent duty to hold a best interest
hearing under section 153.0071(b), where the complaining party had failed to obtain
a ruling on her motion for a hearing.  Id.
at 561.  Section 153.0071(b) states that
“[i]f the parties agree to binding arbitration, the court shall render an order
reflecting the arbitrator’s award unless the court determines at a non-jury
hearing that the award is not in the best interest of the child.”  Tex.
Fam. Code Ann. § 153.0071(b).  The
Legislature added subsection (e-1) to the statute in 2005, providing that “[n]otwithstanding
Subsections (d) and (e), a court may decline to enter a judgment on a mediated
settlement agreement if the court finds that . . . the agreement is not in the
child’s best interest,” thus expressly allowing a trial court to conduct a best
interest hearing in its discretion.  Id.
§ 153.0071(e-1).  The statute did not
contain such provisions with regard to mediated settlement agreements at the
time the order was entered in this case. 
Compare Former Tex. Fam.
Code Ann. § 153.0071(d), (e) with Tex. Fam. Code Ann. § 153.0071(d), (e), (e-1).  Consistent with the San Antonio Court of
Appeals’s conclusion that no independent duty to conduct a best interest
hearing exists in cases of binding arbitration, even though a trial court has
authority to do so under section 153.0071(b), we similarly conclude no such duty
exists here, where subsections (d) and (e) under the prior version of section
153.0071 did not require a best interest analysis.

Beyers further contends the agreement
is subject to trial court approval, thus requiring the court to hold a best
interest hearing.  The agreement is “subject
to the Court’s approval,” but not “subject to the court determining the
agreement is in the children’s best interest.” 
The trial court’s approval is that contemplated as part of the mediated settlement
agreement statute.  See Tex. Fam. Code Ann. §
153.0071(e) (“If a mediated settlement agreement meets the requirements of
Subsection (d), a party is entitled to judgment on the mediated settlement
agreement.”).  Beyers was present
throughout the mediation, and thus had every opportunity to ensure the
agreement was in the children’s best interest, or determine that a court should
decide whether the agreement was in the children’s best interest as a part of
the agreement.  Instead, he chose to enter
into an agreement that is “not subject to revocation.”  “If parties were free to repudiate their
agreements, disputes would not be finally resolved and traditional litigation
would recur . . . but if a voluntary agreement that disposes of the dispute is
reached, the parties should be required to honor the agreement.”  In the Matter of the Marriage of Ames,
860 S.W.2d 590, 592 (Tex. App.—Amarillo 1993, no writ).  Accordingly, under the facts presented, we
hold the trial court did not err in failing to hold a best interest hearing.

Strict
Compliance

In his third issue, Beyers contends
the trial court erred in rendering an order that was not in strict compliance
with the settlement agreement, and in refusing to rescind the agreement for
mutual mistake.  Specifically, Beyers
contends the settlement agreement specified that C.A.B. would attend Emmanuel
Lutheran School starting in January 2004, while the court’s order provides that
C.A.B. would attend Central Christian Academy through the end of the 2003–2004
school year.  Beyers then argues that,
because it was impossible for C.A.B. to attend Emmanuel Lutheran starting in
January 2004, the settlement agreement should have been rescinded for mutual
mistake.  Roberts responds that the
parties discovered it would be impossible for C.A.B. to attend Emmanuel Lutheran
due to the school’s full enrollment and agreed, before the court entered the
order, that C.A.B. would continue at Central Christian until the end of the
school year.  Roberts contends the trial
court’s order reflects the parties’ mutual agreement, made pursuant to the decision-making
procedures set forth in the agreement.

The mediated settlement agreement in
this case met all of the requirements of the Family Code to bind the parties;
thus, Beyers was entitled to judgment on the terms of the agreement.  Tex.
Fam. Code Ann. § 153.0071(d), (e). 
In Vickery v. American Youth Camps, Inc., the Texas Supreme Court
held that a final judgment founded upon a settlement agreement must be in
strict and literal compliance with the agreement.  532 S.W.2d 292, 292 (Tex. 1976).  Modifications to settlement agreements are
typically grounds for reversal, however, only where they add terms, significantly
alter the original terms, or undermine the intent of the parties.  See Keim v. Ames, 943 S.W.2d 938, 946
(Tex. App.—El Paso 1997, no pet.) (finding reversible error where trial court
added provision requiring husband to pay $3,500 of wife’s attorney’s fees); In
the Matter of the Marriage of Ames, 860 S.W.2d at 592–93 (holding trial
court erred where it added terms which “differed significantly from the
settlement agreement”).   In In re
Marriage of Nolder, the Texarkana Court of Appeals modified a provision of
a Rule 11 settlement agreement awarding the wife 55% of the husband’s stock
options where the husband failed to disclose that he had already exercised the
options and sold the stock.  48 S.W.3d
432, 434–35 (Tex. App.—Texarkana 2001, no pet.).  The court held that because it was impossible
for the trial court to enforce the terms of the agreement, it was entitled to modify
the agreement and render a judgment awarding the wife 55% of the cash value of
the in-kind options.  Id.  

Similarly, here, it was impossible
for C.A.B. to attend Emmanuel Lutheran, as the class was full.  The final order explicitly states that
“[a]lthough the parties agreed that [C.A.B.] shall attend Immanuel [sic] Lutheran
School, Houston, Texas beginning January 2004, there is no opening for [C.A.B.]
at said school.  Accordingly, the parties
agree that [C.A.B.] shall continue to attend his current school (Central
Christian Academy) through the 2003-2004 school year.”   Furthermore, the issue is moot because the
school year in question has ended, and at the time the trial court entered its order
the school year had begun with C.A.B. attending Central Christian.  We hold the trial court did not err in
modifying the order due to the impossibility of performing the settlement
agreement as written.

Moreover, when mutual
mistake is alleged, the party claiming relief must show
what the parties’ true agreement was and that the instrument incorrectly
reflects that agreement because of a mutual mistake.  Estes v. Republic Nat’l Bank of Dallas,
462 S.W.2d 273, 275 (Tex. 1970); Marcuz v. Marcuz, 857 S.W.2d 623, 627 (Tex. App.—Houston [1st
Dist.] 1993, no writ).  Beyers makes no
attempt to show what the parties’ true agreement was, but from the language of
the settlement agreement, it appears the parties’ intention was that C.A.B.
start school at Emmanuel Lutheran as soon as possible.  Once the court discovered it was impossible
for C.A.B. to begin in January 2004, it simply changed the start date to the
fall of 2004, which was the soonest possible date he could begin attending the
school.    The trial court’s
slight modification of the agreement to change C.A.B.’s start date at the new
school was a proper remedy.  Accordingly,
we hold the trial court did not err in failing to rescind the entire agreement.

Conclusions
of Law

In his fourth issue, Beyers complains
that the trial court erred in entering a conclusion of law that is factually
incorrect.  Specifically, he contends
that Conclusion of Law 1, which states “[t]he relief requested by Jeanette F.
Roberts to modify the prior order dated June 5, 1998 is hereby granted,” is
erroneous because the court did not in fact grant all the relief Roberts
requested.  

We review a trial court’s conclusions
of law as legal questions, de novo, and will uphold them
on appeal if the judgment can be sustained on any legal theory supported by the
evidence.  BMC Software Belgium v.
Marchand, 83 S.W.3d 789, 794 (Tex. 2002); In re Moers, 104 S.W.3d
609, 611 (Tex. App.—Houston [1st Dist.] 2003, no pet.).  If we determine that a conclusion of law is erroneous, but that the trial
court nevertheless rendered the proper judgment, the error
does not require reversal.  BMC Software, 83 S.W.3d at 797.  The trial court modified its initial custody
order and granted relief; thus, the trial court’s conclusion that it did so is
not error.

 

Conclusion

We hold (1) the failure to designate
a parent with the right to determine the children’s primary residence did not
render the mediated settlement agreement void, (2) the trial court was not
required to conduct a hearing to determine if the settlement agreement was in
the children’s best interest, (3) any issue as to the trial court’s
modification of the school start date is moot, and such modification does not
render the overall court order invalid, and (4) the trial court did not err in
entering its conclusions of law. 
Accordingly, we affirm the judgment of the trial court.  All pending motions are denied as moot.

 

 

                                                          Jane
Bland

                                                          Justice

 

Panel consists of Justices Taft,
Higley, and Bland.











[1] Because the 2005 amendments do not affect our
analysis, we cite to the current version of the statute. 

 





[2] Where the 2005 amendment does not affect our analysis,
we cite to the current version of the statute; where it does, we cite to Former
Tex. Fam. Code Ann. § 153.0071.  





[3]  We note that subsection
(e-1), which was added in 2005, states that a court may decline to enter
judgment based on a mediated settlement agreement if the court determines the
agreement is not in the child’s best interest. 
Tex. Fam. Code Ann. § 153.0071(e-1)
(Vernon 2005).  That subsection
does not apply here because the motion to modify was not pending before the
trial court when the subsection took effect, so we need not decide whether this
new subsection creates a duty to conduct a best interest hearing in all cases.  See Act of May 29, 2005, 79th Leg.,
R.S., ch. 916, §§ 7, 26, 2005 Tex. Gen. Laws 3148, 3150, 3155.

 





[4] Because the 2005 amendments do not affect our analysis,
we cite to the current version of the statute.