

# Missouri Court of Appeals

### Southern District

### Division Two

BRIAUNA RAEANNA COLLINS,    )
    )
    Respondent,    )
    )
vs.    )    Nos. SD37464 & SD37465
    )    Consolidated
    )
DAVID JOE BANNISTER, JR.,    )    **Filed: May 6, 2022**
    )
    Appellant.    )

### APPEAL FROM THE CIRCUIT COURT OF WRIGHT COUNTY

Honorable Judge Lynette B. Veenstra

**REVERSED & REMANDED**

David Joe Bannister, Jr. ("Appellant") appeals from the "Amended Judgment of the Full Order of Protection-Adult" and "Amended Judgment of the Full Order of Protection-Child" filed January 26, 2022.[1] A hearing was held in the underlying cases on January 19, 2022, but the sound recording equipment malfunctioned, and thus, a transcript cannot be provided for this Court's review. Accordingly, we reverse and remand.

After Appellant timely ordered the transcript, the problem with the equipment was discovered. The circuit clerk informed Appellant's counsel as follows:

---

[1] Appellant filed notices of appeal for each judgment. These appeals have been consolidated.

> Our office requested the transcripts from the OSCA Central Transcribing Unit in the above-referenced cases. We have been informed by OSCA the audio file from the January 19, 2022 hearings are blank and therefore a transcript cannot be prepared for this date. I have enclosed a copy of the recording log notes from this date. On January 27, 2022 we became aware of a technical issue with our FTR sound recording equipment and the issue has since been resolved.

Appellant then filed a motion asking this Court to remand the case to the trial court due to the lack of a transcript. Thereafter, this Court entered a show cause order, directing respondent to file written suggestions why the judgment should not be reversed and the case remanded for a new trial. Briauna Raeanna Collins ("Respondent") filed an answer to the show cause order, however, she failed to provide any legal reason why the judgment should not be reversed and the case remanded for a new hearing.

"Because it is unclear what evidence the trial court had before it, this [C]ourt may not speculate on the evidentiary basis for the trial court's decision." *Johnson v. Director of Revenue*, 237 S.W.3d 291, 291 (Mo. App. S.D. 2007). Moreover, "[a]n appealing party is entitled to a full and complete transcript for the appellate court's review." *Mandacina v. Pompey*, 634 S.W.3d 631, 645 (Mo. App. W.D. 2021) (quoting *State v. Middleton*, 995 S.W.2d 443, 466 (Mo. banc 1999)). "Where a party is free from fault or negligence, has exercised due diligence in seeking to prepare the record on appeal, and his right of appeal is prejudiced because a transcript of the proceedings in the trial court cannot be prepared, a new trial should be granted." *Jackson v. Director of Revenue*, 60 S.W.3d 707, 708 (Mo. App. S.D. 2001) (quoting *Dykes v. McNeill*, 735 S.W.2d 213, 213-14 (Mo. App. S.D. 1987)); *see also*, *In re A.J.M.*, 158 S.W.3d 866, 867 (Mo. App. S.D. 2005). "The appropriate remedy when 'the record on appeal is inadequate through no fault of the parties' is to reverse and remand the case to the trial court." *Goodman v. Goodman*, 165 S.W.3d 499, 501-02

(Mo. App. E.D. 2005) (quoting *Oyler v. Director of Revenue*, 10 S.W.3d 226, 228 (Mo. App. W.D. 2000)).

## Conclusion

The judgment of the trial court is reversed and the case is remanded for a new trial on the record.

MARY W. SHEFFIELD, P.J., - OPINION AUTHOR

GARY W. LYNCH, C.J. – CONCURS

DON E. BURRELL, J. – CONCURS