

# Missouri Court of Appeals

### Southern District

### Division Two

IN THE INTEREST OF L.A.M.M., )
)
MINOR, )
)
GREENE COUNTY JUVENILE OFFICE, )
)
    Respondent, )
)
vs. )    No. SD37486
)
C.M.M., )
) **Filed: June 7, 2022**
    Appellant. )

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Calvin R. Holden, Judge

## REVERSED AND REMANDED

C.M.M. ("Mother") appeals from the judgment terminating her parental rights entered February 15, 2022. Although a transcript was filed with the Court on June 2, 2022, a significant portion thereof was missing. A certified transcriptionist with the Office of State Courts Administrator stated that the sound recording equipment malfunctioned for a period of nearly 90 minutes during trial. Both parties assert that a reversal and remand is required under such circumstances, and we agree.

"Because it is unclear what evidence the trial court had before it, this [C]ourt may not speculate on the evidentiary basis for the trial court's decision." *Johnson v.*

***Director of Revenue***, 237 S.W.3d 291, 291 (Mo. App. S.D. 2007).  Moreover, "[a]n appealing party is entitled to a full and complete transcript for the appellate court's review."  ***Mandacina v. Pompey***, 634 S.W.3d 631, 645 (Mo. App. W.D. 2021) (quoting ***State v. Middleton***, 995 S.W.2d 443, 466 (Mo. banc 1999)).  "Where a party is free from fault or negligence, has exercised due diligence in seeking to prepare the record on appeal, and his right of appeal is prejudiced because a transcript of the proceedings in the trial court cannot be prepared, a new trial should be granted."  ***Jackson v. Director of Revenue***, 60 S.W.3d 707, 708 (Mo. App. S.D. 2001) (quoting ***Dykes v. McNeill***, 735 S.W.2d 213, 213-14 (Mo. App. S.D. 1987)); *see also*, ***In re A.J.M.***, 158 S.W.3d 866, 867 (Mo. App. S.D. 2005).  "The appropriate remedy when 'the record on appeal is inadequate through no fault of the parties' is to reverse and remand the case to the trial court."  ***Goodman v. Goodman***, 165 S.W.3d 499, 501-02 (Mo. App. E.D. 2005) (quoting ***Oyler v. Director of Revenue***, 10 S.W.3d 226, 228 (Mo. App. W.D. 2000)).

## Conclusion

The judgment of the trial court is reversed and the case is remanded for a new trial on the record.

MARY W. SHEFFIELD, C.J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

JENNIFER R. GROWCOCK, J. – CONCURS