**Richard Alan OYLER, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. WD 57056.**

Missouri Court of Appeals, Western District.

Submitted Nov. 22, 1999.

Decided Feb. 1, 2000.

---

THOMAS H. NEWTON, Judge.

The Director of Revenue appeals the judgment reinstating Richard Alan Oyler's driving privileges after his license was revoked for refusing a chemical test as required by § 577.041, RSMo Supp.1998. In the sole point on appeal, the Director contends that the trial court erred in determining that no prima facie case for revocation had been made. Because the record is inadequate to enable appellate review, the judgment is reversed and the case is remanded for a new hearing on the record.

### Background and Procedure

The Director of Revenue revoked Richard Alan Oyler's driving privileges after he was stopped on December 12, 1998 for allegedly driving while intoxicated and refusing chemical testing. Seeking to set aside the revocation, Mr. Oyler petitioned for review asserting that his refusal was unknowing and involuntary. At the hearing, the Director relied solely on the Alcohol Influence Report.[1] Finding for Mr. Oyler, the trial court entered a judgment setting aside the revocation and ordering the Director to return the driver's license. The trial judge's handwritten docket entry provides the only record on the evidentiary procedure disposing of the case:

> "Comes now Plaintiff in person with counsel Jim Thompson[.] Respondent by counsel Stan Thompson. State elects to present no evidence except the Alcohol Influence Report. Based upon this the Court finds that there is insufficient evidence to show Plaintiff['s] refusal was intelligently made or that he was advised of consequences or even that he did refuse. Consequently, the Plaintiff's petition is sustained...."

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for Appellant.

James C. Thompson, Richmond, for Respondent.

Before LAURA DENVIR STITH, P.J.; VICTOR C. HOWARD and THOMAS H. NEWTON, JJ.

---

1. On the Alcohol Influence Report, Department of Revenue Form 2389, law enforcement officers document all phases of an arrest or a stop for suspected driving while intoxicated. The form provides guidelines for recording information and contains checklists for observations, sobriety tests, interviews, Miranda warnings, implied consent warnings, and chemical tests. As required by § 577.041.2, when a person suspected of driving while intoxicated refuses a chemical test, the officer submits the completed, notarized Alcohol Influence Report to the Director of Revenue who, in turn, revokes the driver's license.

On appeal the Director argues that the contents of the Alcohol Influence Report proved a prima facie case on each requisite element of revocation for chemical test refusal under § 577.041.4. Mr. Oyler asserts that nothing in the record shows proper admission of the Alcohol Influence Report into evidence by stipulation, by foundation, or as a business record.

### Record On Appeal

■ The docket entry provides an inadequate record for appellate review. We have not been given a transcript of the hearing because, according to the clerk of the court, none is available. We know from the judge's handwritten docket entry, that at the hearing before the judge, the Director called no witnesses and relied solely on the Alcohol Influence Report. It is not clear from the record if Mr. Oyler presented any evidence. The Director implies that the report was admitted into evidence without objection, but no transcript exists to confirm this point. Nothing in the docket entry indicates whether Mr. Oyler objected or was given an opportunity to object to the admission of the Alcohol Influence Report into evidence. The Director also states that Mr. Oyler did not present any contrary evidence. However, due to the lack of a record to review, we cannot determine what, if any, evidence Mr. Oyler presented or whether he testified.

### Conclusion

■ Without a hearing transcript, we are unable to conduct a fair appellate review for both parties. Although the Director properly requested a transcript, none could be provided. When, as here, the record on appeal is inadequate through no fault of the parties, the appropriate remedy is to reverse the judgment and remand the case for a new hearing. *Hardin v. Director of Revenue*, 991 S.W.2d 160, 161 (Mo.App.1999).

Accordingly, we reverse the judgment setting aside Mr. Oyler's revocation and reinstating his driver's license, and we remand the case for a new hearing on the record.

LAURA DENVIR STITH and VICTOR HOWARD, JJ., concur.