Sue Ann GRAVES, Respondent,

v.

DIRECTOR OF REVENUE, State
of Missouri, Appellant.

No. WD 59568.

Missouri Court of Appeals,
Western District.

Oct. 2, 2001.

Jeremiah W. (Jay) Nixon, Atty. Gen.,
Elle Sullivant, Asst. Atty. Gen., Jefferson
City, for appellant.

Patrick J. Eng. Columbia, for respondent.

Before THOMAS H. NEWTON, P.J.,
HAROLD L. LOWENSTEIN, J. and
JAMES M. SMART, Jr., J.

NEWTON, Judge.

The Director of Revenue (the Director)
appeals the judgment of the trial court
reinstating Sue Ann Graves' driving privileges after her license was revoked for

refusing a chemical test as required by § 577.041, RSMo Cum.Supp.1999. In the sole point on appeal, the Director contends that the trial court erred in sustaining Ms. Graves' motion to suppress. The judgment is reversed, and the case is remanded for a new hearing on the record.

### Factual and Procedural Background

On April 28, 2000, Ms. Graves was arrested for driving while intoxicated. Based on a determination that she failed to submit to a chemical test of her blood alcohol concentration, the Director revoked her driving privileges for a period of one year.

Ms. Graves petitioned for a hearing in the associate division of the Randolph County Circuit Court. She also filed a "Motion to Suppress Evidence of Refusal." In the motion, Ms. Graves argued that she suffered from diminished capacity to either refuse or consent to a breath test at the time of the request by law enforcement officers. She also argued that she was under doctor's care and suffered severe medical maladies, rendering her incapable of understanding the proceedings and request of law enforcement at the time of the alleged refusal. Finding for Ms. Graves, the trial court sustained the motion to suppress after holding a hearing, entered a judgment setting aside the revocation, and ordered the Director to reinstate the driver's license.

The trial judge's handwritten docket entry provides the only record of the proceeding. The Director requested the court to amend the order to denominate it as a judgment so that there would be a final adjudication from which an appeal lies in accordance with Rule 74.01(a).[1] The judgment mirrors the docket entry:

Cause comes for hearing on Motion to Suppress. Petitioner by attorney D. Eblen. Respondent by attorney, Assistant Prosecutor, Don Tennill. Argument heard.

Court sustains Petitioner's Motion to Suppress Evidence. Court thereafter, finds no evidence on behalf of Respondent. Court sustains Petitioner's Petition. Department of Revenue ordered to reinstate Petitioner's license, if otherwise eligible. Costs to Petitioner.

The Director thereafter filed a notice of appeal. The case was placed on a dismissal docket for the failure of the Director to timely file it's Brief. Rule 84.08. That situation was remedied within the prescribed time frame when this court sustained the Director's motion to file Appellant's Brief out of time. No Respondent's Brief was filed, and oral argument was waived.

### Standard of Review

The standard of review in this case is set out in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). Rule 84.13(d). We will affirm the trial court's decision unless it is not supported by substantial evidence, it is against the weight of the evidence, or it misstates or misapplies the law. *Id.* at 32. We will only set aside a judgment on the basis that it is against the weight of the evidence if we are left with a firm belief that the judgment is wrong. *Wilson v. Dir. of Revenue*, 35 S.W.3d 923, 926 (Mo.App. W.D.2001).

### Analysis

In order to uphold the Director's decision to revoke a person's driving privileges for failure to submit to a chemical

---

1. All rule references are to Missouri Supreme Court Rules (2000) unless otherwise indicated.

test, a trial court must find three things: (1) the driver was arrested or stopped, (2) the arresting officer had reasonable grounds to believe that the driver was driving while intoxicated, and (3) the driver refused to submit to the test. § 577.041.4;[2] *Wilson,* 35 S.W.3d at 926. By sustaining Ms. Graves' motion to suppress, the trial court extinguished the Director's ability to establish a *prima facie* case under § 577.041 in that the Director was precluded from coming forward with evidence that Ms. Graves refused to submit to the chemical test. The implied consent law provides that any person operating a motor vehicle upon the Missouri highways is deemed to have consented to a chemical test in order to determine the alcohol content of the person's blood. § 577.020.1. The consent is limited to certain situations, particularly where the driver is arrested for an offense that gives the arresting officer reasonable grounds to believe the person was driving while intoxicated. § 577.020.1(1). Whether the particular facts of this case act to take Ms. Graves outside of the implied consent law is not before this court. It seems, however, that the trial court, in sustaining the motion to suppress, was, in fact, addressing that very issue. By sustaining the motion to suppress, the trial court, in essence, apparently determined that Ms. Graves did not "refuse" under § 577 .041. That determination is appropriately decided with the benefit of a hearing on the merits, not after a motion to suppress hearing where an inadequate record is compiled.[3]

### Conclusion

We reverse the judgment setting aside Ms. Graves' revocation and reinstating her driver's license, and we remand the case for further proceedings consistent with this opinion. We also direct the court to conduct the hearing on the record. *See Oyler v. Dir. of Revenue,* 10 S.W.3d 226, 228 (Mo.App. W.D.2000).

HAROLD L. LOWENSTEIN, Judge and JAMES M. SMART, Jr., Judge, concur.

---

**2.** All statutory references are to RSMo Cum. Supp.1999 unless otherwise indicated.

**3.** We have not been given a transcript of the hearing because, according to the clerk of the court, none is available.