**Hartley GOODMAN, Appellant,**

v.

**Valerie GOODMAN, Respondent.**

No. ED 83259.

Missouri Court of Appeals, Eastern District, Division Five.

April 26, 2005.

Bruce F. Hilton, Kirkwood, MO, for appellant.

Christopher Karlen, St. Louis, MO, for respondent.

GEORGE W. DRAPER III, Chief Judge.

Hartley Goodman (hereinafter, "Husband") appeals the dismissal and, in the alternative, denial of his motion to modify his monthly maintenance requirement.[1] Husband raises four allegations of error on appeal, including that a portion of the transcript necessary for meaningful appellate review is missing. We reverse and remand.

On May 21, 1996, the trial court dissolved the marriage of Husband and Valerie Goodman (hereinafter, "Wife"). Husband brought this motion to modify his spousal maintenance payments on October 19, 2001. Husband claimed there was a change in circumstances since the time of their dissolution which rendered the maintenance payments unreasonable.

Wife moved to dismiss Husband's motion to modify, stating he was in arrears in his maintenance payments and flouting the authority of the court's order by not meeting his monthly obligation. The trial court reserved the right to rule on Wife's motion until after all of the evidence was presented.

After hearing all of the evidence, the trial court granted Wife's motion to dismiss on April 21, 2003, based upon Husband's failure to pay the court-ordered maintenance from August 2002 through February 2003, and, in the alternative, the trial court stated Husband failed to present sufficient evidence justifying a change in circumstances which proved he could no longer afford to pay maintenance. Husband paid his arrears and filed this appeal.

■ A maintenance obligation may be modified only when there is a showing of changed circumstances that are so substantial and continuing that the terms of the original award become unreasonable. Section 452.370.1 RSMo (2000); *Laffey v. Laffey*, 72 S.W.3d 143, 147 (Mo.App. W.D. 2002). The moving party has the burden to demonstrate, by presenting detailed evidence, there are changed circumstances warranting modification. *Clark v. Clark*, 101 S.W.3d 323, 330 (Mo.App. E.D.2003). "This statutory standard is intended to be strict in order to discourage recurrent and insubstantial motions for modification." *Clark*, 101 S.W.3d at 330 (*citing Ramsey v.*

---

1. Husband's ability to appeal in the alternative results from the trial court's joint hearing on Husband's current ability to pay his maintenance obligation, the basis of Wife's motion to dismiss, and also the assertion of the existence of substantially changed circumstances which would lead to a modification of maintenance, the basis of Husband's motion. These circumstances may not be present in other cases where both motions have been filed as a trial court is not required to hold these hearings jointly.

*Ramsey,* 965 S.W.2d 365, 371 (Mo.App. E.D.1998)).

■ Husband raises four points [2] on appeal. His first point on appeal claims the trial court erred in dismissing his case because the trial court wrongfully applied the rationale set forth in *Staples v. Staples,* 895 S.W.2d 265 (Mo.App. E.D. 1995). Husband believes his case is more analogous to *Nelson v. Nelson,* 14 S.W.3d 645 (Mo.App. E.D.2000).

■ A defendant may seek to have a civil action involuntarily dismissed for failure of the plaintiff to comply with "any order of the court." Rule 67.03. Dismissal of a motion to modify maintenance is not proper solely on the basis that an arrearage in payments exists. *Laffey,* 72 S.W.3d at 150. There must be evidence presented, demonstrating "the party making the motion to modify had the ability to comply with the maintenance order." *Id.*

The trial court properly reserved ruling on Wife's motion to dismiss until after it received evidence regarding Husband's ability to pay the court-ordered maintenance. In its judgment, the trial court found Husband had the present means and capability within which to continue paying the court-ordered maintenance and that there was no showing of changed circumstances so substantial and continuing that the terms of the original award became unreasonable.

■ However, this Court is unable to review the entire record of the proceedings below because a portion of the transcript is missing. Husband states, in his fourth point on appeal, one of the transcript tapes is missing and that this tape contained the majority of his testimony. Husband fur-ther claims his missing testimony supports his motion to modify and he should be granted a new trial because the loss of the transcript portions was not attributable to either party.

"The record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented...." Rule 81.12(a). It is the responsibility of the appellant to prepare the legal file, including the transcript. Rule 81.12(c).

Wife argues this Court should reject Husband's claim on appeal because he did not exercise due diligence in correcting the record's deficiencies. Wife believes Husband could have made the record complete by, *inter alia,* using the admitted exhibits or using the trial court's findings of fact and conclusion of law. Wife's suggestion that we look to the trial court's judgment to both supplement the record and to review it for error is specious.

■ Husband compiled and submitted an incomplete transcript. While recognizing it is Husband's duty to compile a complete record for this appeal, "we are unable to discern whether the above shortcomings result from [Husband's] failure to present everything the trial court had before it, or, whether the above shortcomings result from a trial court decision based on inadequate evidence." *Paull v. Paull,* 819 S.W.2d 68, 73 (Mo. App. E.D.1991). This Court will not enter a judgment based upon mere speculation. The appropriate remedy when "the record on appeal is inadequate through no fault of the parties" is to reverse and remand the case to the trial court. *Oyler v. Director or Revenue,* 10 S.W.3d 226,

---

2. We remind attorneys to review both the Supreme Court Rules and our Local Rules of appellate practice before submitting documents to this Court. Points on appeal must follow the dictates of Rule 84.04(d), which are

explained by *Thummel v. King,* 570 S.W.2d 679 (Mo. banc 1978). Failure to comply with these mandates can result in dismissal of an appeal. *See M.C. v. Yeargin,* 11 S.W.3d 604 (Mo.App. E.D.1999).

228 (Mo.App. W.D.2000); *see also, Lynn v. Plumb,* 808 S.W.2d 439, 440 (Mo.App. S.D.1991).

This point on appeal is dispositive. The judgment of the trial court is reversed and remanded.

CLIFFORD H. AHRENS, J., and GLENN A. NORTON, J., concur.