**John Gregory LYYTINEN, Appellant,**

v.

**Lauri Jean LYYTINEN, Respondent.**

No. 28711.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 13, 2008.

Appellant appears Pro Se.

James R. Sharp, Asst. Atty. Gen., Springfield, for Respondent.

Before BARNEY, P.J., RAHMEYER, J., and LYNCH, C.J.

PER CURIAM.

Appellant, John Gregory Lyytinen, appeals from a judgment of dissolution entered by the trial court. We reverse and remand for a new trial.

■ After filing his notice of appeal in this case, Appellant requested the preparation of a transcript of proceedings conducted on four different dates, including two dates in May 2007. In response to Appellant's request, the trial court informed appellant in a written statement that no recording was made of the proceedings in May 2007 due to "a machine malfunction." Appellant presented the trial court's written statement to this Court together with a motion asking that the case be remanded for a new trial on the record due to the fact that a complete transcript cannot be produced.

One of the dates for which a transcript cannot be produced was the first of two days of trial in the case. According to Appellant, the proceedings on that date lasted approximately seven-and-one-half hours and included the testimony of Appellant and a counselor who had worked with the parties' children. Appellant estimates that he presented 75% of his case-in-chief on that date, including evidence regarding the parties' income, assets, and liabilities and evidence concerning the care, custody, best interests, and welfare of the parties' children. Appellant further represents that a transcript of this proceeding would reflect numerous evidentiary rulings by the trial court that Appellant desires to challenge on appeal and would further demonstrate the trial court's prejudice against Appellant.

Respondent filed suggestions in response to Appellant's motion to remand indicating that the case should not be remanded but, instead, should be dismissed for reasons unrelated to the availability of a complete transcript on appeal. We find no merit in Respondent's contention that the appeal should be dismissed.[1] We do find it notable, however, that Respondent's suggestions do not dispute or contradict Appellant's account of the proceedings conducted in May 2007.

Appellant's filings clearly indicate that he desires to challenge the trial court's findings and judgment on appeal with respect to child custody and support, as well as other matters. Such issues would necessarily require the availability of a transcript of the evidence presented at one or both of the May 2007 proceedings for this court's review.

1. In her suggestions, as well as in a separate motion to dismiss, Respondent argues that Appellant's appeal should be dismissed for the reason that Appellant's notice of appeal was prematurely filed. We note, however, that under Rule 81.05(b), a prematurely filed notice of appeal "shall be considered as filed immediately after the time the judgment becomes final for the purpose of appeal." *See State ex rel. State Highway Comm'n v. Tate,* 576 S.W.2d 529, 531 (Mo. banc 1979); *Christen v. Christen,* 38 S.W.3d 488, 491 (Mo.App. 2001). Based on these authorities, we deny respondent's motion to dismiss.

As applicable here, Rule 81.12(a), Missouri Court Rules (2007), provides that "[t]he record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented ... to the appellate court for decision." However, "[t]he appropriate remedy when 'the record on appeal is inadequate through no fault of the parties' is to reverse and remand the case to the trial court." *Goodman v. Goodman,* 165 S.W.3d 499, 501–02 (Mo.App.2005) (quoting *Oyler v. Director of Revenue,* 10 S.W.3d 226, 228 (Mo.App.2000)); *see also C.H.M. v. Greene County Juvenile Office,* 158 S.W.3d 878, 879 (Mo.App.2005); *Jackson v. Director of Revenue,* 60 S.W.3d 707, 708 (Mo.App.2001). Here, it is through no fault or negligence of Appellant that a complete transcript cannot be prepared. Therefore, we reverse the judgment of the trial court and remand for a new trial.