**EMPIRE BANK, Plaintiff–Respondent,**

v.

**Bruce McROBERT, Defendant–Appellant,**

and

**McRobert and Miller Accounting Consultants, Inc., Defendant.**

No. 28642.

Missouri Court of Appeals,
Southern District.

March 18, 2008.

Robert Dean McGee, for Appellant.

Jeffrey Carl Goodnight, for Respondent.

Before BARNEY, P.J., RAHMEYER, J., LYNCH, C.J., BURRELL, J.

PER CURIAM.

Appellant, Bruce McRobert, appeals from a judgment of the Associate Division of the Circuit Court of Greene County, in which the court entered judgment in favor of Plaintiff, Empire Bank, and against the Defendants, Bruce McRobert and McRobert and Miller Accounting Consultants, Inc., jointly and severally, on Empire Bank's claims for unpaid rent, common area maintenance charges, and attorney fees. We reverse and remand for a new trial.

After filing the notice of appeal in this case, Appellant's counsel requested the preparation of a transcript of the trial for the record on appeal. In response, the trial court advised Appellant's counsel that, "due to mechanical failure" of the

sound recording equipment, no trial transcript could be prepared. Appellant has filed a motion in this Court asking that the case be remanded to the trial court for a new trial due to the fact that a transcript cannot be produced. Appellant has also presented this Court with several documents, including the trial court's docket sheet and a statement from the Central Transcribing Supervisor for the Office of State Courts Administrator, all reflecting that a transcript cannot be prepared in this case. Empire Bank has not responded to Appellant's motion to remand.

As applicable here, Rule 81.12(a), Missouri Court Rules (2007), provides that "[t]he record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented ... to the appellate court for decision." However, "[t]he appropriate remedy when 'the record on appeal is inadequate through no fault of the parties' is to reverse and remand the case to the trial court." *Goodman v. Goodman,* 165 S.W.3d 499, 501–02 (Mo.App.2005) (quoting *Oyler v. Director of Revenue,* 10 S.W.3d 226, 228 (Mo.App.2000)); *see also C.H.M. v. Greene County Juvenile Office,* 158 S.W.3d 878, 879 (Mo.App.2005); *Jackson v. Director of Revenue,* 60 S.W.3d 707, 708 (Mo.App.2001). Here, it is through no fault or negligence of Appellant that a transcript cannot be prepared. Therefore, we reverse the judgment of the trial court and remand for a new trial.