Richard A. **KREAMALMYER**,
Respondent,

v.

**DIRECTOR OF REVENUE**, State
of Missouri, Appellant.

No. SD 29105.

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 6, 2009.

Chris Koster, Atty. Gen., James A. Chenault, III, Office of Atty. Gen., Jefferson City, for Appellant.

Kristopher D. Crews, Rolla, for Respondent.

Before BARNEY and BATES, JJ., and SCOTT, P.J.

PER CURIAM.

The Director of Revenue appeals from a judgment reinstating the driving privileges of Richard Kreamalmyer ("Driver") which were revoked pursuant to § 577.041 (RSMo Cum. Supp. 2005). This court reverses and remands.

The Director filed a motion asking this court to remand the case to the trial court because the transcript was missing essential testimony. Thereafter, this court entered a show cause order, directing Driver to file written suggestions why the judgment should not be reversed and the case remanded for a new trial. Driver has failed to respond.

Turning to the transcript, the following is found on the second page: "TRAN-

SCRIBER'S NOTE: The sound recording begins at time stamp 10:24:54 with the direct examination of Witness Jaimee Solis already in progress. Our office has been advised by Phelps County that no further recording can be found of the proceeding." The transcribed testimony then begins in the middle of a question: "Q.—truck situated?" Consequently, this court is unable to determine how much testimony is missing. However, this court is able to deduce that the trial court relied upon the missing testimony in rendering its judgment; in fact, the trial judge stated that the "only issue" in the case was whether Driver's vehicle was operated upon public roadways, *i.e.*, the apparent substance of the missing testimony.

 Because it is unclear exactly what evidence the trial court had before it, this court may not speculate on the evidentiary basis for the trial court's decision. *Johnson v. Director of Revenue*, 237 S.W.3d 291 (Mo.App.2007). Moreover, " '[a]n appealing party is entitled to a full and complete transcript for an appellate court's review.' " *R.R.M. v. Juvenile Officer*, 226 S.W.3d 864, 866 (Mo.App.2007)(quoting *State v. Cooper*, 16 S.W.3d 680, 681 (Mo.App.2000)). " 'Where a party is free from fault or negligence, has exercised due diligence in seeking to prepare the record on appeal, and his right of appeal is prejudiced because a transcript of the proceedings in the trial court cannot be prepared, a new trial should be granted.' " *Jackson v. Director of Revenue*, 60 S.W.3d 707, 708 (Mo.App.2001) (quoting *Dykes v. McNeill*, 735 S.W.2d 213, 213–14 (Mo.App.1987)); *see also In re A.J.M.*, 158 S.W.3d 866, 867 (Mo.App. 2005). "The appropriate remedy when 'the record on appeal is inadequate through no fault of the parties' is to reverse and remand the case to the trial court." *Goodman v. Goodman*, 165

S.W.3d 499, 501–02 (Mo.App.2005) (quoting *Oyler v. Director of Revenue*, 10 S.W.3d 226, 228 (Mo.App.2000)).

The judgment of the trial court is reversed and the case is remanded for a new trial on the record.