

# Missouri Court of Appeals

## Southern District

## Division Two

IN THE INTEREST OF: )
C.J.D., R.M.D., and I.S.D., Minors )
 )
E.J.D. and R.H.D., )
 )
              Appellants, )
 )
v. ) Consolidated Nos. SD34143, SD34144,
 ) SD34145, SD34152, and SD34153
GREENE COUNTY JUVENILE OFFICE, )
 ) Opinion filed: 1-08-16
              Respondent. )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Andy Hosmer, Associate Circuit Judge

**<u>REVERSED AND REMANDED</u>**

*(Before Burrell, P.J., Lynch, J., and Francis, J.)*

PER CURIAM.  E.J.D. (Mother) appeals the termination of her parental rights to three children, C.J.D., R.M.D., and I.S.D.  R.H.D. (Father) appeals the termination of his parental rights to C.J.D. and R.M.D.  Because an entire day of trial was unrecorded, we must reverse the judgments and remand the cases for a new trial.

The Greene County Juvenile Office filed separate petitions to terminate the parental rights to C.J.D., R.M.D., and I.S.D.  The petitions were tried together on July 27,

1

28, and 30, 2015. On September 2, 2015, the trial court entered its judgments terminating parental rights. Mother and Father filed separate notices of appeal.[1]

In furtherance of their appeals, Mother and Father both requested the preparation of a transcript of the trial. The trial had been electronically sound recorded, so the clerk of the trial court forwarded the sound recordings to the Office of State Courts Administrator (OSCA) for transcription. *See* Supreme Court Operating Rule 5.04.[2] After receiving the recordings from the clerk, the supervisor of OSCA's Central Transcribing Service prepared a "COURT REPORTER STATEMENT" certifying "[t]hat upon reviewing the materials submitted for transcription in this case, it was discovered that the audio file create[d] for the 7/27/2015 hearing date is blank." The supervisor further certified "[t]hat this office contacted the local court and was advised . . . that no audio exists for this date."

Father's counsel presented OSCA's court reporter statement to this court in support of a motion asking us to reverse and remand for a new trial due based on the fact that a complete transcript on appeal cannot be produced. Mother filed a similar motion. In response to these motions, we directed the clerk of the trial court to provide a certified copy of the trial court's hearing log for that date and additional information concerning the trial date of July 27, 2015, including verification that there was no record from which a transcript could be prepared.

According to the hearing log, the proceedings on July 27, 2015 lasted more than seven hours and included the testimony of eight witnesses. A number of exhibits were also discussed that day. Mother and Father contend that they are prejudiced by the lack

---

[1] We have consolidated those separate appeals for purposes of this decision.
[2] All rule references are to Missouri Court Rules (2015).

of a transcript of the proceedings on July 27 because the trial court relied on that testimony and evidence in its findings supporting the termination judgments. They also claim that the missing testimony could provide additional grounds for their appeals.

As applicable here, Rule 81.12(a) provides that "[t]he record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented . . . to the appellate court for decision." "The appropriate remedy when 'the record on appeal is inadequate through no fault of the parties' is to reverse and remand the case to the trial court." *Goodman v. Goodman*, 165 S.W.3d 499, 501-02 (Mo. App. E.D. 2005) (quoting *Oyler v. Director of Revenue*, 10 S.W.3d 226, 228 (Mo. App. W.D. 2000)); *see also* *Lyytinen v. Lyytinen*, 244 S.W.3d 798, 800 (Mo. App. S.D. 2008); *A.J.M.  v. Greene Cnty. Juvenile Office*, 158 S.W.3d 878, 879 (Mo. App. S.D. 2005); *Jackson v. Dir. of Revenue*, 60 S.W.3d 707, 708 (Mo. App. S.D. 2001).

Here, our review reveals that a complete transcript cannot be prepared, and that it is not due to any fault or negligence of Mother or Father. We also find that their right of appeal could be prejudiced by the missing testimony. As a result, the judgments of the trial court are reversed, and the cases are remanded for a new trial.