PER CURIAM.
Appellant, J.D.H., appeals the termination of his parental rights to two children. Because the trial was unrecorded, we must reverse the judgment and remand the case for a new trial.
Petitioners, R.J.L. and T.N.L., filed a Petition for Termination of Parental Rights and Adoption in the Circuit Court of Jasper County on April 21, 2015. Count I of the Petition sought the termination of the parental rights of Appellant and G.M.H. to minor children J.M.H. and A.M.E.H. That count was tried to the court on July 21, 2016. On July 28, 2016, the trial court entered its judgment terminating Appellant’s and G.M.H. ⅛ parental rights to both children. Appellant filed a notice of appeal on September 2, 2016.
After the notice of appeal was filed, Appellant’s counsel requested a transcript of the July 21, 2016 trial for the record on appeal. Upon reviewing its records, the trial court discovered that there was no recording of the trial from which a transcript could be prepared. The court formally documented this finding in a docket entry dated October 3, 2016, stating: “DUE TO EQUIPMENT FAILURE OF THE FTR GOLD PROGRAM THERE IS NO RECORD OF THE JULY 21, 2016 HEARING.” Subsequently, Appellant filed a motion in this court asking that the case be remanded to the trial court for a new trial. The motion argues that “it is impossible to prepare an appeal on behalf of Appellant” in the absence of a trial transcript. Respondents have not filed a response to Appellant’s motion.
*258 Based on Appellant’s motion, we directed the clerk of the trial court to provide us with a certified copy of the trial court’s sound recording log sheet for the July 21, 2016 trial. According to the log sheet, the proceedings on July 21, 2016, included the testimony of multiple witnesses and the admission of numerous exhibits. The log sheet concludes with the entry: “AFTER HEARING EVIDENCE—COURT FINDS GROUNDS FOR TERMINATION OF PARENTAL RIGHTS— CLEAR AND CONVINCING EVIDENCE.”
As applicable here, Rule 81.12(a), Missouri Court Rules (2016), provides that “[t]he record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented ... to the appellate court for decision.” “The appropriate remedy when ‘the record on appeal is inadequate through no fault of the parties’ is to reverse and remand the case to the trial court.” Goodman v. Goodman, 165 S.W.3d 499, 501-02 (Mo. App. 2005) (quoting Oyler v. Director of Revenue, 10 S.W.3d 226, 228 (Mo. App. 2000)); see also In re C.J.D., 479 S.W.3d 648, 649 (Mo. App. 2016); Lyytinen v. Lyytinen, 244 S.W.3d 798, 800 (Mo. App. 2008); In re A.J.M., 158 S.W.3d 878, 879 (Mo. App. 2005); Jackson v. Director of Revenue, 60 S.W.3d 707, 708 (Mo. App. 2001). Here, it is through no fault or negligence of Appellant that a transcript cannot be prepared. Further, we find that the complete lack of a transcript of the trial in this matter is prejudicial to Appellant’s right of appeal. Therefore, we reverse the judgment of the trial court and remand for a new trial.
All concur.