In the Missouri Court of Appeals
 Eastern District
 DIVISION ONE

IN THE MATTER OF: ) No. ED109179
LILY ANN CROCKER )
 ) Appeal from the Circuit Court
 ) of the City of St. Louis
 ) 2022-PR00301
 )
 ) Honorable Rex M. Burlison
 )
 ) Filed: July 20, 2021

 Lily Ann Crocker (“Crocker”) appeals the judgment of the Probate Division of the

Circuit Court of the City of St. Louis (“the trial court”), entered after two hearings on June 5 and

July 21, 2020, finding Crocker to be totally incapacitated, finding Crocker to be totally disabled,

and appointing Crocker’s daughter Vickie Lynn Owings (“Crocker’s Daughter” or “Daughter”)

as guardian for Crocker. 1 On appeal, Crocker argues the trial court’s judgment is erroneous

because, inter alia, she was improperly served with Daughter’s petition to appoint a guardian and

conservator; and there is insufficient evidence to support the trial court’s findings that Crocker is

totally incapacitated and totally disabled. 2 Although we find Crocker’s argument that she was

improperly served with Daughter’s petition has no merit, we reverse the trial court’s judgment

1
 Although the trial court found Crocker to be totally disabled, the trial court found it was not necessary to appoint a
conservator for Crocker’s estate because “[t]here [were] no assets belonging to [Crocker] which need[ed] to be
administered by the [c]ourt at th[e] time [of the trial court’s judgment].”
2
 As noted in detail in footnote five of this opinion, Crocker also argues the trial court’s judgment is erroneous for
other reasons; however, it is not necessary for this Court to address these issues because we find some merit to
Crocker’s sufficiency-of-the-evidence claim and because we are remanding this case for a new hearing.
and remand for a new hearing because we find, (1) it is through no fault or negligence of Crocker

that a transcript of the June 5, 2020 hearing was unable to be prepared; (2) it is impossible to

conduct meaningful review of Crocker’s sufficiency-of-the-evidence argument on appeal without

the ability to review the missing portions of testimony from the June 5 hearing; and (3) Crocker

could be prejudiced by the missing testimony.

 I. BACKGROUND

 On May 28, 2020, Crocker’s Daughter filed a petition requesting the court to appoint her

as full guardian of Crocker and as full conservator of Crocker’s estate. The petition alleges

Crocker was unable by reason of “bipolar disorder, personality disorder, untreated diabetes[,]

high blood pressure, and [an] undiagnosed heart condition” “[t]o receive and evaluate

information or to communicate decisions to such an extent that [Crocker] lacks capacity to meet

essential requirements for food, clothing, shelter, safety or other care such that serious physical

injury, illness or disease is likely to occur”; “[t]o receive and evaluate information to

communicate decisions to such an extent that [Crocker] lacks the ability to manage [ ] her

financial resources”; and “[t]o meet [Crocker’s] essential daily needs of living and/or to manage

[her] financial resources without supervision and that there are no less intrusive alternatives to a

full . . . guardianship and . . . a full . . . conservatorship available to provide for [Crocker’s] care

and financial needs.”

 On May 28, 2020, Crocker’s Daughter also filed an emergency motion for appointment

of a guardian for Crocker, requesting emergency letters of guardianship be granted to Daughter

“in order to make sure [Crocker] receives necessary medical and other care” “given her advanced

age and multiple physical and mental health conditions.”

 2
 On June 2, 2020, the trial court entered an order appointing an attorney for Crocker. On

that same date, the trial court entered an order setting the emergency motion for appointment of a

guardian for a hearing on June 5, 2020 at 11:00 a.m.

 A return of service and accompanying notice of hearing shows that on June 2, 2020,

Crocker was served, in person, at “Barnes-Jewish Hospital, 1 Barnes Jewish Plaza, St. Louis,

MO 63110” with a notice of the June 5, 2020 hearing, along with “[a] copy of the petition and a

list of prospective witnesses . . . pursuant to [s]ection 475.075[.2] [RSMo. Cum. Supp. 20193].”

The completed return of service document is on letterhead of the Office of Vernon Betts, Sheriff

of the City of St. Louis. Above a line on the form that states, “[p]rint name of [s]heriff or

[s]erver” is the name “Aric Samm,” and above a line on the form that states, “[s]ignature of

[s]heriff or [s]erver” is Aric Samm’s signature.

 On June 5, 2020, a hearing was held on the emergency motion for appointment of a

guardian. At the hearing, Probate Commissioner Patrick J. Connaghan (“the Probate

Commissioner” or “the Commissioner”) appeared, Crocker’s Daughter appeared in person and

by attorney, Crocker appeared in person and by attorney, and evidence was heard. All parties

appeared by video due to the Covid-19 protocols in place at the time, and the WebEx video

platform was used for the hearing. Ultimately, a transcript of the June 5, 2020 hearing was

unable to be produced for this appeal because of a computer malfunction; a December 27, 2020

memorandum issued by the Probate Commissioner provides “[the Commissioner’s] voice is the

only one that can be heard” on the original recording of the hearing, and “[t]he computer had not

recorded any of the testimony from any of the other participants.”

3
 Unless otherwise indicated, all further statutory references are to RSMo. Cum. Supp. 2019.

 3
 Following the June 5, 2020 hearing, the trial court entered a judgment in favor of

Crocker’s Daughter and against Crocker on the emergency motion for appointment of a

guardian. The trial court’s judgment found in relevant part:

 The [c]ourt finds that a medical emergency exists which presents a substantial risk
 that serious physical harm will occur to [Crocker] unless the [c]ourt appoints a
 suitable and qualified guardian ad litem pending the final disposition of this
 matter. The [c]ourt hereby appoints [Crocker’s Daughter] as [g]uardian ad [l]item
 with full power and authority as provided in section 475.120 for [g]uardian of the
 person of [Crocker]. This authority shall remain in full force and effect until the
 final determination of the [p]etition for [a]ppointment of a [g]uardian and
 [c]onservator.

 The [p]etition for [a]ppointment of a [g]uardian and [c]onservator is hereby set for
 hearing on Monday, July 6, 2020, at 11:00 [a.m.] in the Probate Division of the
 St. Louis City Circuit Court.

 On July 2, 2020, the trial court entered an order, on its own motion, continuing the July 6

hearing on Daughter’s petition to appoint a guardian and conservator. The hearing was

subsequently reset for July 21, 2020.

 On July 20, 2020, a report authored by Meredith Throop, M.D. and accompanying

affidavit (collectively “Dr. Throop’s report”) was filed in support of Daughter’s petition to

appoint a guardian and conservator; however, Dr. Throop’s report was not introduced or received

into evidence at the July 21 hearing.

 On July 21, 2020, the trial court held a hearing on Daughter’s petition to appoint a

guardian and conservator. A transcript of this July 21 hearing was produced for this appeal.

Only two witnesses testified at the hearing – Crocker’s Daughter and Crocker – and their

testimony totals approximately ten pages of the sixteen-page transcript. 4 No other evidence was

introduced or admitted at the hearing.

4
 The testimony from Crocker’s Daughter and Crocker adduced at the July 21 hearing will be summarized in
relevant part below in Section II.C.1. of this opinion.

 4
 The trial court subsequently entered a judgment finding Crocker to be totally

incapacitated, finding Crocker to be totally disabled, and appointing Crocker’s Daughter as

Crocker’s guardian. Additionally, letters of guardianship were issued consistent with the trial

court’s judgment. The trial court’s judgment found in relevant part:

 [ ] [Crocker] is totally incapacitated by reason of [Crocker’s] mental and physical
 condition and as a result is unable to receive and evaluate information or to
 communicate decisions to such an extent that she lacks the capacity to meet
 essential requirements for food, clothing, shelter, safety, or other care such that
 serious physical injury, illness, or disease is likely to occur[;]

 [ ] [Crocker] is totally disabled by reason of [Crocker’s] mental and physical
 condition and as a result is unable to receive and evaluate information or to
 communicate decisions to such an extent that she lacks the ability to manage her
 financial resources[;]
 ...

 [ ] By reason of [Crocker’s] total incapacity, it is necessary to appoint guardian of
 the person. There are no assets belonging to [Crocker] which need to be
 administered by the [c]ourt at this time. It is therefore not necessary to appoint a
 conservator of the estate. [Crocker’s] identified needs cannot be met by a less
 restrictive alternative at this time[;]

 [ ] [Crocker’s Daughter] is suitable and qualified to serve as guardian of the
 person [; and]
 ...

 [ ] [Crocker’s Daughter] is appointed guardian of the person with full powers as
 provided by law.
 ...

This appeal followed.

 II. DISCUSSION

 Crocker raises a total of four points on appeal claiming the trial court’s judgment finding

Crocker to be totally incapacitated, finding Crocker to be totally disabled, and appointing

Crocker’s Daughter as guardian for Crocker is erroneous; however, we will only consider the

following two arguments. In sub-part one of Crocker’s first point on appeal, she asserts the trial

 5
court’s judgment is erroneous because she was improperly served with Daughter’s petition to

appoint a guardian and conservator. And in Crocker’s second point on appeal, she claims the

trial court’s judgment is erroneous because there is insufficient evidence to support the trial

court’s findings that Crocker is totally incapacitated and totally disabled. 5

A. General Standard of Review

 Our Court reviews a trial court’s judgment involving a probate matter the same as any

court-tried case. Matter of Mitchell, 914 S.W.2d 844, 846 (Mo. App. S.D. 1996). Accordingly,

we will affirm the trial court’s decision unless it is not supported by substantial evidence, it is

against the weight of the evidence, it erroneously declares the law, or it erroneously applies the

law. Id.; see also Matter of Barnard, 484 S.W.3d 833, 837 (Mo. App. E.D. 2016); In re Banks,

285 S.W.3d 389, 391 (Mo. App. E.D. 2009).

B. Crocker’s Argument that She Was Improperly Served with Daughter’s Petition to
 Appoint a Guardian and Conservator

 We first address sub-point one of Crocker’s first point on appeal in which Crocker argues

she was improperly served with Daughter’s petition to appoint a guardian and conservator. For

the reasons discussed below, we find this argument has no merit.

 During the July 21, 2020 hearing, Crocker testified she was served with the petition to

appoint a guardian and conservator and several other documents on June 2, 2020 while at Barnes

5
 Crocker also argues in sub-part two of Crocker’s first point on appeal that the trial court’s judgment is erroneous
because she did not receive proper notice of the July 21, 2020 hearing; in her third point on appeal that the trial court
erred in finding she waived her right to a jury trial; and in her fourth point on appeal that she received ineffective
assistance of counsel. It is not necessary for this Court to address these issues because, for the reasons discussed
below, we find some merit to Crocker’s sufficiency-of-the-evidence claim and because we are remanding this case
for a new hearing. Furthermore, to the extent Crocker raises arguments in the argument sections of her brief that
have not been set out in her points relied on, these arguments are deemed abandoned, and we decline to give plain-
error review to these arguments. See Brizendine v. Conrad, 71 S.W.3d 587, 593, 593 n.5 (Mo. banc 2002) (holding
“an argument not set out in the point relied on but merely referred to in the argument portion of the brief . . . is
considered abandoned” and similarly declining to give plain-error review to such an argument). Accordingly, we
deny sub-part two of Crocker’s first point on appeal, Crocker’s third point on appeal, and Crocker’s fourth point on
appeal.

 6
Jewish Hospital. In this appeal, Crocker does not dispute she was served with the petition;

instead, she contends the manner of service was improper because, inter alia, she was not

personally served by a sheriff. See section 475.075.2 (providing a respondent in a guardianship

proceeding “shall be served in person with [inter alia] [a] copy of the petition”); section

472.100.7 RSMo 2016 (indicating that “if personal service is required” under Missouri’s probate

code, it “shall be made . . . by the sheriff”). 6

 A return of service and accompanying notice of hearing shows that on June 2, 2020,

Crocker was served, in person, at “Barnes-Jewish Hospital, 1 Barnes Jewish Plaza, St. Louis,

MO 63110” with a notice of the June 5, 2020 hearing, along with “[a] copy of the petition and a

list of prospective witnesses . . . pursuant to [s]ection 475.075[.2].” The completed return of

service document is on letterhead issued by the Office of Vernon Betts, Sheriff of the City of St.

Louis (“Sheriff letterhead”). Above a line on the form that states, “[p]rint name of [s]heriff or

[s]erver” is the name “Aric Samm,” and above a line on the form that states, “[s]ignature of

[s]heriff or [s]erver” is Aric Samm’s signature.

 Because the return of service document is on Sheriff letterhead and because a court could

reasonably find the document was signed by Sheriff Aric Samm, the record does not support

Crocker’s argument that she did not receive personal service of the petition by a sheriff. Cf.

Flair v. Campbell, 44 S.W.3d 444, 450 (Mo. App. W.D. 2001) (finding a return of service did

6
 The aforementioned citations to section 475.075.2 and section 472.100 RSMo 2016 are merely to give context to
Crocker’s argument on appeal, and nothing in this opinion should be read to support the proposition that personal
service in a guardianship proceeding must be made be a sheriff. In fact, case law indicates personal service in a
guardianship proceeding may also be properly obtained by a special process server. See Flair v. Campbell, 44
S.W.3d 444, 450-51 (Mo. App. W.D. 2001) (explaining that service of process in a guardianship proceeding may
also be properly obtained by a special process server pursuant to language in Missouri Supreme Court Rule 54); see
generally Missouri Supreme Court Rule 54 (2020); see also Coburn v. Kramer & Frank, P.C., No. ED108948, 2021
WL 865264, at *11 (Mo. App. E.D. March 9, 2021) (application for transfer filed in the Missouri Supreme Court on
April 27, 2021) (explaining “Flair simply stand[s] for the proposition that neither a circuit court nor a circuit clerk
can ‘appoint’ a process server whom the plaintiff had never nominated or requested to be appointed in the first
place”).

 7
not indicate a person was acting as a sheriff at the time she purportedly served an underlying

respondent in a guardianship proceeding where, unlike here, a return of service document was on

“Civil Courier Service letterhead” and “the certificate of service was signed by . . . a

‘Representative for Civil Courier Service’”) Accordingly, Crocker’s argument that she was

improperly served with Daughter’s petition to appoint a guardian and conservator has no merit.

Sub-point one of Crocker’s first point on appeal is denied.

C. Crocker’s Argument that There Is Insufficient Evidence to Support the Trial
 Court’s Findings that Crocker is Totally Incapacitated and Totally Disabled

 We now turn to Crocker’s second point on appeal, which asserts there is insufficient

evidence to support the trial court’s findings that Crocker is totally incapacitated and totally

disabled.

 1. The Limited Record in this Case

 In this case, the record before this Court is very limited. The trial court held two hearings

on June 5, 2020 and July 21, 2020.

 At the June 5 hearing, all parties appeared by video due to the Covid-19 protocols in

place at the time, and the WebEx video platform was used for the hearing. Ultimately, a

transcript of the June 5, 2020 hearing was unable to be produced for this appeal because of a

computer malfunction; a December 27, 2020 memorandum issued by the Probate Commissioner

provides “[the Commissioner’s] voice is the only one that can be heard” on the original

recording of the hearing, and “[t]he computer had not recorded any of the testimony from any of

the other participants.”

 A transcript of this July 21 hearing was produced for this appeal. Only two witnesses

testified at the hearing – Crocker’s Daughter and Crocker – and their testimony totals

 8
approximately ten pages of the sixteen-page transcript. No other evidence was introduced or

admitted at the hearing. 7

 Crocker’s Daughter’s July 21 testimony constitutes approximately three pages of the

transcript. Daughter told the court that she testified at the June 5 hearing and all of the testimony

she provided then was still accurate and true. Daughter’s attorney then stated, “I’m going to

incorporate [your testimony] from [the June 5 hearing]. We’re not going to go over what we did

last time.” Crocker’s Daughter then gave very brief testimony regarding Crocker’s continued

refusal to take prescribed medications for diabetes and physical conditions relating to her heart

and kidneys and Crocker’s refusal to undergo heart surgery. Crocker’s Daughter also testified

she believed a guardianship was necessary for Crocker, Daughter was willing to serve as

Crocker’s guardian, and Daughter was asking the court to be appointed guardian for Crocker and

conservator for Crocker’s estate.

 Crocker’s July 21 testimony constitutes approximately seven pages of the transcript and

essentially was a statement telling the court she had been able to manage and control her diabetes

and physical conditions relating to her heart and kidneys before she had lost control over her

medical decisions. Crocker also testified she does not want her Daughter making decisions on

her behalf.

7
 We note Crocker’s Daughter – the respondent in this appeal – argues our Court should consider Dr. Throop’s
report in determining Crocker’s sufficiency-of-the-evidence argument on appeal. As previously stated, on July 20,
2020, Dr. Throop’s report was filed in support of Daughter’s petition to appoint a guardian and conservator;
however, Dr. Throop’s report was not introduced or admitted into evidence at the July 21 hearing. Under these
circumstances, our Court will not consider Dr. Throop’s report on appeal. See Jamerson v. Boone, 554 S.W.3d 899,
904 (Mo. App. E.D. 2018) (“The mere filing of a document does not put it before the court as evidence, and the
document cannot be considered by the court in making its judgment unless and until it is offered and admitted into
evidence.”) (citation and internal quotations omitted); In re I.B., 48 S.W.3d 91, 103 (Mo. App. W.D. 2001) (“[T]he
mere filing of a document does not place it before the court for purposes of its consideration at [a] . . . hearing . . ..
We will not consider documents on appeal that were not offered into evidence at the . . . hearing.”).

 9
 2. Relevant Law and Analysis

 As applicable here, Missouri Supreme Court Rule 81.12(a) (effective from January 1,

2018 to the present) provides that “[t]he record on appeal shall contain all of the record,

proceedings and evidence necessary to the determination of all questions to be presented . . . to

the appellate court for decision.” “However, the appropriate remedy when the record on appeal

is inadequate through no fault of the parties is to reverse and remand the case to the trial court.”

Empire Bank v. McRobert, 247 S.W.3d 160, 161 (Mo. App. S.D. 2008) (citations and internal

quotation omitted); see also In Interest of J.M.H., 518 S.W.3d 256, 258 (Mo. App. S.D. 2017)

(similarly finding).

 Accordingly, when it is through no fault or negligence of the appellant that a transcript

was unable to be prepared, our Court finds it is impossible to conduct meaningful review of the

appellant’s argument on appeal without the ability to review the missing portions of testimony,

and we find the appellant’s right to appeal could be prejudiced by the missing testimony, we

must reverse the trial court’s decision and remand for a new trial or hearing. See id.; State v.

Barber, 391 S.W.3d 2, 5-7 (Mo. App. W.D. 2012) (reversing the trial court’s judgment and

remanding for a new trial where there were missing portions of a transcript through no fault of

the appellant and the appellate court found it was impossible to conduct a meaningful review of

the appellant’s claimed trial errors without the ability to review the missing portions of

testimony); In re A.J.M., 158 S.W.3d 866, 867 (Mo. App. S.D. 2005) (reversing the trial court’s

judgment and remanding for a new trial where it was through no fault or negligence of the

appellant that a transcript was unable to be fully prepared and the appellant’s right to appeal

could have been prejudiced by the missing testimony).

 10
 In this case, it is through no fault or negligence of Crocker that a transcript of the June 5,

2021 hearing cannot be prepared; instead, the transcript of the June 5 hearing was unable to be

produced for this appeal because of a computer malfunction during the Covid-19 pandemic.

While we acknowledge the challenges in technology faced by trial courts and parties during the

pandemic, it is necessary for parties to be afforded due process and a sufficient record of the

underlying proceedings. This is especially true where, as in this case, the underlying proceeding

is one involving “guardianship [, which] necessarily entails a deprivation of the fundamental

liberty interest to go unimpeded about one’s ordinary affairs.” In re Myles, 273 S.W.3d 83, 85

(Mo. App. E.D. 2008) (quoting In re Link, 713 S.W.2d 487, 493 (Mo. banc 1986)).

 Moreover, Crocker’s Daughter’s testimony at the July 21, 2020 hearing, which was scant,

specifically referred back to and incorporated her June 5, 2020 hearing testimony, suggesting the

trial court’s findings relating to Crocker’s alleged incapacity and disability were based at least in

part on Crocker’s testimony from the June 5 hearing. Under these circumstances, we find it is

impossible to conduct meaningful review of Crocker’s sufficiency-of-the-evidence argument on

appeal without the ability to review the missing portions of testimony from the June 5 hearing,

and we find Crocker could be prejudiced by the missing testimony.

 In sum, we must reverse the trial court’s judgment in this case and remand for a new

hearing because we find, (1) it is through no fault or negligence of Crocker that a transcript of

the June 5 hearing was unable to be prepared; (2) it is impossible to conduct meaningful review

of Crocker’s sufficiency-of-the-evidence argument on appeal without the ability to review the

missing portions of testimony from the June 5 hearing; and (3) Crocker could be prejudiced by

the missing testimony. See In Interest of J.M.H., 518 S.W.3d at 258; Barber, 391 S.W.3d at 5-7;

Empire Bank, 247 S.W.3d at 161; In re A.J.M., 158 S.W.3d at 867. Point two is granted.

 11
 III. CONCLUSION

 The trial court’s judgment finding Crocker to be totally incapacitated, finding Crocker to

be totally disabled, and appointing Crocker’s Daughter as guardian for Crocker is reversed, and

the case is remanded for a new hearing.

 ROBERT M. CLAYTON III, Judge

Colleen Dolan, P.J., and
Kelly C. Broniec, J., concur.

 12