

# MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| BRENDAN FORD, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | WD85505 |
| | ) | |
| DIRECTOR OF REVENUE, | ) | |
| STATE OF MISSOURI, | ) | Filed: October 31, 2023 |
| | ) | |
| Respondent. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF BOONE COUNTY
THE HONORABLE STEPHANIE M. MORRELL, JUDGE**

**BEFORE DIVISION THREE**: **LISA WHITE HARDWICK, PRESIDING JUDGE,
KAREN KING MITCHELL, JUDGE, CYNTHIA L. MARTIN, JUDGE**

Brendan Ford appeals from the judgment sustaining the suspension of his driving privileges. He contends the circuit court erred in not preserving a record of the trial de novo. Because the record on appeal is inadequate to permit meaningful appellate review, the judgment is reversed, and the case is remanded for a new trial de novo on the record.

## FACTUAL AND PROCEDURAL HISTORY

The Director of Revenue suspended Ford's driver's license under Section 302.505, RSMo 2016,[1] following an administrative hearing on March 2, 2022. Pursuant to Section

---

[1] All statutory references are to the Revised Statutes of Missouri 2016.

302.535.1, Ford filed a petition for a trial de novo in the Boone County Circuit Court. A trial de novo was conducted on May 19, 2022, after which the court entered its judgment sustaining the suspension. In its findings of fact and conclusions of law, the court stated the evidence adduced at trial consisted of the Director's Exhibit A, Ford's Exhibit 1, and the testimony of a Columbia Police Department sergeant.[2] Based on the Director's Exhibit A and the sergeant's testimony, the court found by a preponderance of the evidence that Ford was arrested on probable cause to believe that he had committed an alcohol-related traffic offense, a chemical test of his breath revealed a blood-alcohol content of .08% or more, and the suspension of his driving privileges should be sustained. Ford appeals.

## RECORD ON APPEAL

After Ford filed this appeal, he asked the Boone County Clerk's Office to send the sound log for the trial de novo to the Office of the State Courts Administrator ("OSCA") for transcription. The circuit court subsequently made a docket entry stating, "This case was not on the record on May 19, 2022, therefore, Clerk has nothing to send to OSCA for transcription." Ford argues, and the Director agrees, that the lack of a proper record prejudices his right of appeal and requires a new trial.

"An appealing party is entitled to a full and complete transcript for an appellate court's review." *Kreamalmyer v. Dir. of Revenue*, 277 S.W.3d 323, 324 (Mo. App. 2009) (citation omitted). "Without a hearing transcript, we are unable to conduct a fair appellate review for both parties." *Oyler v. Dir. of Revenue*, 10 S.W.3d 226, 228 (Mo.

---

[2] The judgment indicates the Director's Exhibit A was comprised of Department of Revenue records. The judgment does not indicate what Ford's Exhibit 1 was.

App. 2000). When, as in this case, the appellant "is free from fault or negligence, has exercised due diligence in seeking to prepare the record on appeal, and his right of appeal is prejudiced because a transcript of the proceedings in the trial court cannot be prepared, a new trial should be granted." *Kreamalmyer*, 277 S.W.3d at 324 (citations omitted). Ford's point is granted.

## CONCLUSION

The judgment is reversed, and the case is remanded for a new trial de novo on the record.

_____
LISA WHITE HARDWICK, JUDGE

All Concur.

3